Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

FILED

'10 SEP -1  AM 9: 17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY·                         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

LIBERTY MEDIA HOLDINGS, LLC

        Plaintiff,

  vs.

DOES 1-59

      Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 10 CV 1 82 3 DMS    WVG
Judge:

**COMPLAINT**

(1) **UNLAWFUL ACCESS TO STORED
COMMUNICATIONS - 18 U.S.C. §
2701;**
(2) **COMPUTER FRAUD AND ABUSE –
18 U.S.C. § 1030**
(3) **COPYRIGHT INFRINGEMENT –
17 U.S.C. § 501**

     Plaintiff, Liberty Media Holdings ("Liberty" or "Plaintiff") files this complaint against multiple Doe defendants and alleges as follows:

**INTRODUCTION**

    1.     The Plaintiff produces high quality photographs and motion pictures, which are published on it's website, on DVDs and books, as well as licensed to third party publishers for a premium fee.

    2.     The Plaintiff charges a monthly membership fee for access to its website of $34.95 per month.    However,  the  Doe  defendants  each  accessed  the  Plaintiff's  website, www.corbinfisher.com, by bypassing the necessary payment and login steps required of users. There are 59 defendants, each whose identity is unknown at present, who accessed Plaintiff's

computer system from 29 different states.  Plaintiff has all of their internet protocol (IP) addresses, and will subpoena the Defendants Internet Service Providers (ISPs) in order to ascertain their names and addresses.

3.     The Defendants' actions are a violation of the Plaintiff's copyrights as protected by Title 17 of the U.S. Code.  Additionally, by accessing the Plaintiff's website without payment and without authorization, Defendants violated 18 U.S.C. § 2701 and 18 U.S.C. § 1030.

4.     The Defendant's actions were willful in nature, entitling the Plaintiff to enhanced damages.  The Plaintiff seeks statutory damages, actual damages, an award of its attorney's fees and costs, as well as injunctive relief to ensure that Defendants engage in no future activity of a similar nature.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 38 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.  More specifically, this dispute arises, at least in part, under the provisions of the Computer Fraud And Abuse Act, 18 U.S.C. § 1030.  Additionally, this Court has subject matter jurisdiction pursuant to the Copyright Act (17 U.S.C. §§ 101 et. seq.), and the Digital Millennium Copyright Act 18 U.S.C. §2701.

6.     This Court has personal jurisdiction over the Defendants as they have all committed tortious acts within this district and/or aimed their tortuous acts toward this district with the knowledge that the negative consequences would be felt in this jurisdiction.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in this district, and thus, this venue is the most appropriate forum in which this case should be heard.

## THE PARTIES

### THE PLAINTIFF, LIBERTY MEDIA HOLDINGS, LLC

8.     Liberty is a California corporation with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

9.     Liberty creates original works of creative expression in the form of gay-themed adult entertainment films.

### DEFENDANT DOE 1

10.     The identity of Defendant Doe 1 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

11.   Defendant Doe 1 accessed the Plaintiff's computer servers through the IP address 141.213.170.160.

### Defendant Doe 2

12.   The identity of Defendant Doe 2 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

13.   Defendant Doe 2 accessed the Plaintiff's computer servers through the IP address 24.24.95.170.

### Defendant Doe 3

14.   The identity of Defendant Doe 3 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

15.   Defendant Doe 3 accessed the Plaintiff's computer servers through the IP address 207.237.56.190.

### Defendant Doe 4

16.   The identity of Defendant Doe 4 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

17.   Defendant Doe 4 accessed the Plaintiff's computer servers through the IP address 162.83.245.202.

### Defendant Doe 5

18.   The identity of Defendant Doe 5 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

19.   Defendant Doe 5 accessed the Plaintiff's computer servers through the IP address 149.61.136.214.

### Defendant Doe 6

20.   The identity of Defendant Doe 6 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

21.   Defendant Doe 6 accessed the Plaintiff's computer servers through the IP address 75.195.146.144.

### Defendant Doe 7

22.   The identity of Defendant Doe 7 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

23.   Defendant Doe 7 accessed the Plaintiff's computer servers through the IP address 24.184.108.61.

**Defendant Doe 8**

24.    The identity of Defendant Doe 8 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

25.    Defendant Doe 8 accessed the Plaintiff's computer servers through the IP address 74.167.111.167.

**Defendant Doe 9**

26.    The identity of Defendant Doe 9 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

27.    Defendant Doe 9 accessed the Plaintiff's computer servers through the IP address 76.186.105.143.

**Defendant Doe 10**

28.    The identity of Defendant Doe 10 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

29.    Defendant Doe 10 accessed the Plaintiff's computer servers through the IP address is 70.234.228.208.

**Defendant Doe 11**

30.    The identity of Defendant Doe 11 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

31.    Defendant Doe 11 accessed the Plaintiff's computer servers through the IP address 75.255.23.97.

**Defendant Doe 12**

32.    The identity of Defendant Doe 12 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

33.    Defendant Doe 12 accessed the Plaintiff's computer servers through the IP address 75.255.102.90.

**Defendant Doe 13**

34.    The identity of Defendant Doe 13 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

35.    Defendant Doe 13 accessed the Plaintiff's computer servers through the IP address 76.254.8.174.

**Defendant Doe 14**

36.    The identity of Defendant Doe 14 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

37.    Defendant Doe 14 accessed the Plaintiff's computer servers through the IP address 69.181.71.30.

**Defendant Doe 15**

38.    The identity of Defendant Doe 15 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

39.    Defendant Doe 15 accessed the Plaintiff's computer servers through the IP address 69.109.163.109.

**Defendant Doe 16**

40.    The identity of Defendant Doe 16 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

41.    Defendant Doe 16 accessed the Plaintiff's computer servers through the IP address 208.80.193.30.

**Defendant Doe 17**

42.    The identity of Defendant Doe 17 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

43.    Defendant Doe 17 accessed the Plaintiff's computer servers through the IP address 208.80.193.29.

**Defendant Doe 18**

44.    The identity of Defendant Doe 18 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

45.    Defendant Doe 18 accessed the Plaintiff's computer servers through the IP address 66.245.44.79.

**Defendant Doe 19**

46.    The identity of Defendant Doe 19 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

47.    Defendant Doe 19 accessed the Plaintiff's computer servers through the IP address 144.80.133.123.

**Defendant Doe 20**

48.     The identity of Defendant Doe 20 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

49.     Defendant Doe 20 accessed the Plaintiff's computer servers through the IP address 69.141.22.205.

**Defendant Doe 21**

50.     The identity of Defendant Doe 21 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

51.     Defendant Doe 21 accessed the Plaintiff's computer servers through the IP address 76.84.200.40.

**Defendant Doe 22**

52.     The identity of Defendant Doe 22 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

53.     Defendant Doe 22 accessed the Plaintiff's computer servers through the IP address 24.228.21.211.

**Defendant Doe 23**

54.     The identity of Defendant Doe 23 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

55.     Defendant Doe 23 accessed the Plaintiff's computer servers through the IP address 71.125.80.31.

**Defendant Doe 24**

56.     The identity of Defendant Doe 24 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

57.     Defendant Doe 24 accessed the Plaintiff's computer servers through the IP address 67.84.117.149.

**Defendant Doe 25**

58.     The identity of Defendant Doe 25 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

59.     Defendant Doe 25 accessed the Plaintiff's computer servers through the IP address 71.125.78.26.

**Defendant Doe 26**

60.     The identity of Defendant Doe 26 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

61.     Defendant Doe 26 accessed the Plaintiff's computer servers through the IP address 69.248.127.34.

**Defendant Doe 27**

62.     The identity of Defendant Doe 27 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

63.     Defendant Doe 27 accessed the Plaintiff's computer servers through the IP address 24.241.225.144.

**Defendant Doe 28**

64.     The identity of Defendant Doe 28 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

65.     Defendant Doe 28 accessed the Plaintiff's computer servers through the IP address 68.28.230.226.

**Defendant Doe 29**

66.     The identity of Defendant Doe 29 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

67.     Defendant Doe 29 accessed the Plaintiff's computer servers through the IP address 68.28.230.231.

**Defendant Doe 30**

68.     The identity of Defendant Doe 30 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

69.     Defendant Doe 30 accessed the Plaintiff's computer servers through the IP address 24.147.155.202.

**Defendant Doe 31**

70.     The identity of Defendant Doe 31 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

71.     Defendant Doe 31 accessed the Plaintiff's computer servers through the IP address 98.229.211.117.

**Defendant Doe 32**

72.     The identity of Defendant Doe 32 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

73.     Defendant Doe 32 accessed the Plaintiff's computer servers through the IP address 170.223.131.151.

**Defendant Doe 33**

74.     The identity of Defendant Doe 33 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

75.     Defendant Doe 33 accessed the Plaintiff's computer servers through the IP address 74.248.126.187.

**Defendant Doe 34**

76.     The identity of Defendant Doe 34 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

77.     Defendant Doe 34 accessed the Plaintiff's computer servers through the IP address 74.248.120.3.

**Defendant Doe 35**

78.     The identity of Defendant Doe 35 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

79.     Defendant Doe 35 accessed the Plaintiff's computer servers through the IP address 74.248.119.190.

**Defendant Doe 36**

80.     The identity of Defendant Doe 36 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

81.     Defendant Doe 36 accessed the Plaintiff's computer servers through the IP address 137.30.250.154.

**Defendant Doe 37**

82.     The identity of Defendant Doe 37 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

83.     Defendant Doe 37 accessed the Plaintiff's computer servers through the IP address 66.8.232.208.

**Defendant Doe 38**

84.    The identity of Defendant Doe 38 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

85.    Defendant Doe 38 accessed the Plaintiff's computer servers through the IP address 70.119.122.0.

**Defendant Doe 39**

86.    The identity of Defendant Doe 39 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

87.    Defendant Doe 39 accessed the Plaintiff's computer servers through the IP address 74.176.99.73.

**Defendant Doe 40**

88.    The identity of Defendant Doe 40 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

89.    Defendant Doe 39 accessed the Plaintiff's computer servers through the IP address 68.202.230.99.

**Defendant Doe 41**

90.    The identity of Defendant Doe 41 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

91.    Defendant Doe 41 accessed the Plaintiff's computer servers through the IP address 24.21.33.11.

**Defendant Doe 42**

92.    The identity of Defendant Doe 42 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

93.    Defendant Doe 42 accessed the Plaintiff's computer servers through the IP address 130.71.255.174.

**Defendant Doe 43**

94.    The identity of Defendant Doe 43 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

95.    Defendant Doe 43 accessed the Plaintiff's computer servers through the IP address 164.107.220.197.

**Defendant Doe 44**

96.     The identity of Defendant Doe 44 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

97.     Defendant Doe 44 accessed the Plaintiff's computer servers through the IP address 70.248.75.165.

**Defendant Doe 45**

98.     The identity of Defendant Doe 45 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

99.     Defendant Doe 45 accessed the Plaintiff's computer servers through the IP address 68.28.41.225.

**Defendant Doe 46**

100.    The identity of Defendant Doe 46 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

101.    Defendant Doe 46 accessed the Plaintiff's computer servers through the IP address 70.242.156.165.

**Defendant Doe 47**

102.    The identity of Defendant Doe 47 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

103.    Defendant Doe 47 accessed the Plaintiff's computer servers through the IP address 66.147.95.97.

**Defendant Doe 48**

104.    The identity of Defendant Doe 48 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

105.    Defendant Doe 48 accessed the Plaintiff's computer servers through the IP address 72.204.253.91.

**Defendant Doe 49**

106.    The identity of Defendant Doe 49 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

107.    Defendant Doe 49 accessed the Plaintiff's computer servers through the IP address 162.39.240.73.

**Defendant Doe 50**

108.    The identity of Defendant Doe 50 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

109.    Defendant Doe 50 accessed the Plaintiff's computer servers through the IP address 151.196.51.157.

**Defendant Doe 51**

110.    The identity of Defendant Doe 51 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

111.    Defendant Doe 51 accessed the Plaintiff's computer servers through the IP address 97.118.111.216.

**Defendant Doe 52**

112.    The identity of Defendant Doe 52 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

113.    Defendant Doe 52 accessed the Plaintiff's computer servers through the IP address 199.1.152.210.

**Defendant Doe 53**

114.    The identity of Defendant Doe 53 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

115.    Defendant Doe 53 accessed the Plaintiff's computer servers through the IP address 70.169.158.242.

**Defendant Doe 54**

116.    The identity of Defendant Doe 54 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

117.    Defendant Doe 54 accessed the Plaintiff's computer servers through the IP address 71.56.21.161.

**Defendant Doe 55**

118.    The identity of Defendant Doe 55 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

119.    Defendant Doe 55 accessed the Plaintiff's computer servers through the IP address 96.32.141.135.

**Defendant Doe 56**

120.    The identity of Defendant Doe 56 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

121.    Defendant Doe 56 accessed the Plaintiff's computer servers through the IP address 74.211.6.141.

**Defendant Doe 57**

122.    The identity of Defendant Doe 57 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

123.    Defendant Doe 57 accessed the Plaintiff's computer servers through the IP address 76.252.7.174.

**Defendant Doe 58**

124.    The identity of Defendant Doe 58 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

125.    Defendant Doe 57 accessed the Plaintiff's computer servers through the IP address 98.225.19.67.

**FIRST CAUSE OF ACTION**

**(Unlawful Access to Stored Communications 18 U.S.C. §§ 2701 and 2707)**

126.    The Plaintiff re-alleges and incorporates by reference as if verbatim Paragraphs 1-125.

127.    The Defendants intentionally accessed the Plaintiff's web servers, which are facilities where electronic communication services are provided.

128.    The Defendants committed these unlawful accesses on or about April 15, 2010.

129.    The Defendants, who were not members of the Corbin Fisher website, and thus had no right to access the Plaintiff's copyrighted materials, unlawfully did so.

130.    The Defendants obtained access to Plaintiff's electronic communications while they were in electronic storage and thus should be punished under 18 U.S.C. § 2701.

131.    Pursuant to 18 U.S.C. § 2707, the Defendants are liable to the Plaintiff for damages and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**

**(Computer Fraud and Abuse Act 18 U.S.C. § 1030)**

132.    Plaintiff re-alleges and incorporates by reference as if verbatim, Paragraphs 1-131.

133.   Defendants did unlawfully enter into a computer server where Plaintiff's copyrighted materials were contained, and did unlawfully enter Plaintiff's computer servers.

134.   This entry was unauthorized, and through this entry, Defendants did steal the Plaintiff's property, the copyrighted materials, the value of which was in excess of $15,000.

135.   The Plaintiff's computer servers constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

136.   The "computer" identified above was used in interstate commerce or communication and was a protected computer within the meaning of 18 U.S.C. § 1030(e)(2)(B).

137.   Defendants knowingly caused the transmission of a program, information, code, or command targeted at a protected computer.

138.   As a result of such conduct, Defendants intentionally caused damage without authorization, to the Plaintiff and to the relevant computer systems.

139.   Defendants intentionally accessed a protected computer without authorization, and as a result of such conduct, has caused damage.

140.   The damage caused includes a loss aggregating substantially more than the $5000 amount required under 18 U.S.C. § 1030(a)(5)(B)(i).

141.   Plaintiff has been damaged, and has suffered losses, due to these past wrongs by Defendants.

### THIRD CAUSE OF ACTION

### (Copyright Infringement 17 U.S.C. § 501)

142.   Plaintiff re-alleges and incorporates by reference as if verbatim, Paragraphs 1-141.

143.   At all times relevant hereto, the Plaintiff has been the owner and producer of the motion pictures, which were reproduced, distributed, and publicly displayed by the Defendants.

144.   The Plaintiff holds copyright registration certificates from the United States Copyright Office that cover the infringed upon motion pictures.

145.   Without authorization, the Defendants accessed, reproduced and distributed the Plaintiff's copyrighted and registered works.

146.   They did so by accessing the Plaintiff's computer servers either by hacking into them directly or by using hacked portals provided by others.

147.   Once inside the Plaintiff's computer systems, the Defendants downloaded the Plaintiff's copyrighted works, thus creating a copy of the works on the Defendants' local hard drive or other storage device.

147.   Once inside the Plaintiff's computer systems, the Defendants downloaded the Plaintiff's copyrighted works, thus creating a copy of the works on the Defendants' local hard drive or other storage device.

148.   The Defendant's conduct was willful within the meaning given to that term by the Copyright Act.

149.   As a result of their wrongful conduct, the Defendant is liable to the Plaintiff for copyright infringement under 17 U.S.C. § 501.

150.   Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c).

151.   In addition, because the Defendant's infringing acts were willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

152.   Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### WHEREFORE; PLAINTIFF PRAYS

1.   Statutory damages pursuant to:

    a.   17 U.S.C. § 504(c) of not less than $750 per infringement;

    b.   18 U.S.C. § 2707(b) and (c) of not less than $1000 per intrusion;

2.   Compensatory Damages in an amount to be proven at trial;

3.   Injunctive relief reversing all actions committed by Defendants and enjoining them from further violations;

4.   Attorney's fees and costs as authorized by statute;

5.   For any additional and further relief which this Court deems to be just and proper.

Date: August 31, 2010.

Marc Randazza, SBN 269535
Randazza Legal Group
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)
MJR@randazza.com

14
Complaint

JS 44 (Rev. 12/07)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Liberty Media Holdings, LLC | Does 1-59 |

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc Randazza, Randazza Legal Group
302 Washington Street, Suite 321, San Diego, CA 92103
619-866-5975, 619-866-5976 (fax)

Attorneys (If Known)

'10 CV 1 823 DMS      WVG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Section 2701, 18 U.S.C. Section 1030, 17 U.S.C. Section 501
Brief description of cause:
Unlawful Access to Stored Communications, Computer Fraud, and Copyright Infringement

**VII. REQUESTED IN COMPLAINT:**
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ $5.9 million
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  September 1, 2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 17510   AMOUNT $350   9/1/10 BY   APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS017510
Cashier ID: bhartman
Transaction Date: 09/01/2010
Payer Name: MARC J RANDAZZA
-----------------------------------
CIVIL FILING FEE
 For: LIBERTY MEDIA V DOE
 Case/Party: D-CAS-3-10-CV-001823-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1056
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```