Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-59<br><br>Defendants | Case No. 10-CV-1823-DMS-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER ALLOWING PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Plaintiff Liberty Media Holdings (Liberty) seeks the identities of certain Doe defendants from the following Internet Service Providers ("ISPs") concerning the identities for the following IP addresses on specific dates and times, and seeks a Court order directing the ISPs to disclose the subscriber's personally identifiable information. The specific information is found on Exhibit 1.

**INTRODUCTION AND FACTUAL BACKGROUND**

1) Plaintiff Liberty is a California LLC doing business as Corbin Fisher ®. Liberty produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which individuals who pay a monthly subscription fee can view its photographic and audiovisual works.

2) On or about September 1, 2010, attorney for Plaintiff issued subpoenas directed at the above-listed ISPs requesting the personally identifiable information for the corresponding subscribers for the above-listed IP addresses.

3) Defendant DOES 1-59 are individuals whose true names and addresses are unknown to Plaintiff. Does 1 through 59 accessed the Plaintiff's computer servers without authorization, and downloaded and distributed unauthorized and infringing copies of Plaintiff's audiovisual works. Plaintiff was able to record the IP addresses for the individuals, however, Plaintiff can only identify the infringers by way of further investigation. As such, Plaintiff has issued subpoenas to the appropriate ISPs requesting this information.

4) The information requested in the subpoenas issued to cable operators is governed by 47 U.S.C. § 551, which prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

5) Accordingly, the Plaintiff requests that the Court issue the requisite Order instructing Comcast, Cablevision, and Charter Communications to produce any and all documents and/or information sufficient to identify the user or users of the above IP addresses during the corresponding dates and times.

## ARGUMENT

Federal Rules Allow for Early Discovery

6) Federal Rules allow for discovery prior to a Rule 26 conference upon a showing of good cause. See *Semitool, Inc. v. Tokyo Electronic America, Inc*., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

7) More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Id. at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

Motion for Leave to Take Immediate Discovery

8) First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by the individuals identified as DOES in the Complaint. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts.

9) Second, there are no other practical measures Plaintiff could take to identify the DOE Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by their Internet Service Providers. Due to the nature of on-line transactions, Plaintiff has no way of determining Defendants' identities except through a third-party subpoena.

10) Third, Plaintiff has asserted a prima facie claim for copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement and computer hacking. 17 U.S.C. § 106(1)(3), 18 U.S.C. § 2701, and 18 U.S.C. § 1030.

11) When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

Explanation of Specific Requests

12) In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. See *Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

13) The infringement and other wrongful acts at issue in this action occurred through online hacking, downloading, and other unlawful access to Plaintiff's computers. In order to these illegal acts, a user must connect to the Internet.

14) Individuals gain access to the Internet through an Internet service provider (ISP). When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office. Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address. This is somewhat akin to a telephone number. The IP address for a subscriber may stay the same (a static ip address) or it may change from time to time (a dynamic ip address). ISPs generally record the times and dates it assigns each IP address to a subscriber.

15) Online technology used to engage in unlawful online theft relies on the ability to identify the computers to and from which users search and exchange files. The technology identifies those computers through the IP address from which the computer connects to the Internet. In this manner, Plaintiff identified the IP addresses from which individuals connected to the Internet for the purpose of unlawfully accessing Plaintiff's works and making electronic copies thereof. Plaintiff recorded the exact date and time individuals used various IP addresses to access the Internet to make illegally download these files from Plaintiff's servers.

16) Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. Plaintiff now seeks to subpoena the above listed Internet Service Providers to determine the name and address of the subscribers to whom they assigned the various IP addresses recorded.

17) Plaintiff requests that the Court issue an order allowing Plaintiff to serve a subpoena on the relevant Internet Service providers requesting specific subscriber information necessary to identify the Doe defendants.

18) Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some Internet service providers, including those listed above in this motion, are also cable operators, Plaintiff requests that the Court order

state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. See, 47 U.S.C. §551.

## CONCLUSION

19) The Plaintiff requests that the Court issue the requisite Order instructing Comcast, Cablevision, Charter Communications, and any other relevant service providers it identifies to produce any and all documents and/or information sufficient to identify the user or users of the above IP addresses during the corresponding dates and times.

20) Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

21) Such discovery should be conditioned on a) the ISPs having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is sought by Plaintiff, and b) each subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoena.

Dated: October 22, 2010

                                      s/ Marc Randazza
Marc J. Randazza, SBN 269535
Randazza Legal Group
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)
MJR@randazza.com