1

2

3

4

5

6

7

FILED

2010 NOV -3  AM 9:00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

8                   UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   LIBERTY MEDIA HOLDINGS, LLC, | Case No. 10-1823-DMS(WVG) |
| 12                          Plaintiff, | ORDER GRANTING MOTION ALLOWING PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY |
| 13   v. | |
| 14 | (DOC. # 8) |
| 15   DOES 1-59, | |
| 16                          Defendants. | |

17                                  I

18                     PROCEDURAL BACKGROUND

19       On September 1, 2010, Plaintiff Liberty Media Holdings, LLC

20  (hereafter "Plaintiff") filed a Complaint against DOES 1-59 (hereafter

21  "Defendants") for Unlawful Access to Stored Communications, in

22  violation of 18 U.S.C. §§ 2701 and 2707 (The Electronic Stored

23  Communications Privacy Act), violation of 18 U.S.C. § 1030 (The

24  Computer Fraud & Abuse Act) and copyright infringement in violation

25  of 17 U.S.C. § 501 (The Copyright Act).[1] Plaintiff does not know the

26  names of the Defendants. However, it has identified the unique

27  _____

28       [1]The Court notes that Plaintiff has voluntarily dismissed DOES 6,
12, 43, 50, 51 and 52.

1    Internet Protocol (hereafter "IP") addresses assigned to Defendants

2    and the Internet Service Provider (hereafter "ISP") that provided

3    Defendants with internet access on the dates and times of the

4    allegedly illegal and infringing activity.

5        On October 22, 2010, Plaintiff filed a Motion for Order Allowing

6    Plaintiff Leave to Take Immediate Discovery (hereafter "Motion").  The

7    Motion seeks the Court's permission to conduct immediate discovery

8    regarding the identities of Defendants.  Specifically, Plaintiff seeks

9    to issue subpoenas to ISP providers and cable operators Comcast,

10   Cablevision and Charter Communications to produce all documents and/or

11   information sufficient to identify the users of the IP addresses

12   during the dates and times listed in Exh. 1 to Plaintiff's Motion, and

13   attached hereto as Exhibit 1.

14       The information requested in the subpoenas is governed by 47

15   U.S.C. § 551, which states in pertinent part:

16       (c) Disclosure of personally identifiable information
         (2) A cable operator may disclose (personally identifiable
17       information concerning any subscriber) if disclosure is --
         (B)... made pursuant to a *court order* authorizing such
18       disclosure, if the subscriber is notified of such order by
         the person to whom the order is directed. (emphasis added).
19

20       Accordingly, Plaintiff seeks a court order instructing Comcast,

21   Cablevision and Charter Communications to produce to Plaintiff all

22   documents and or information sufficient to identify the users of the

23   IP addresses during the dates and times listed in Exh. 1.

24                                  II

25                               ANALYSIS

26       In accordance with Fed. R. Civ. P. 26(d), discovery does not

27   commence until the parties to an action meet and confer as prescribed

28   by Fed. R. Civ. P. 26(f), unless by court order or agreement of the

1  parties.  A court order permitting early discovery may be appropriate

2  "where the need for the discovery, in consideration of the

3  administration of justice, outweighs the prejudice to the responding

4  party." <u>Semitool, Inc. v. Tokyo Electron America, Inc.</u>, 208 F.R.D.

5  273, 276 (N.D. Cal. 2002).

6      At least one district court in the Ninth Circuit has recognized

7  that "(s)ervice of process can pose a special dilemma for plaintiffs

8  in cases... in which the tortious activity occurred entirely on-line.

9  The dilemma arises because the defendant may have used a fictitious

10 name and address in the commission of the tortious acts." <u>Columbia</u>

11 <u>Ins. Co. v. Seescandy.com</u>, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  In

12 <u>Columbia</u>, the court also stated that in light of the conflict between

13 the need to provide injured parties with a forum in which they may

14 seek redress for grievances, and the right to use the internet

15 anonymously or pseudonymously, a few principles should apply to

16 whether discovery to uncover the identity of a defendant is warranted.

17      The court stated:

18      First, the plaintiff should identify the missing party with
        sufficient specificity such that the Court can determine
19      that (the) defendant is a real person or entity that could
        be sued in federal court...
20      Second, the (plaintiff) should identify all previous steps
        taken to locate the elusive defendant...
21      Third, Plaintiff should establish to the Court's
        satisfaction that plaintiff's suit against (the ) defendant
22      could withstand a motion to dismiss... Plaintiff must make
        some showing that an act giving rise to civil liability
23      actually occurred and that the discovery is aimed at
        revealing specific identifying features of the person or
24      entity who committed the act.
25 <u>Id.</u>, at 578-580.

26

27

28

                              -3-                          10cv1823

1    The Court agrees with these principles and finds as follows:

2        A. <u>Identification of Defendants With Sufficient Specificity</u>

3    Plaintiff has provided to the Court the unique IP addresses

4    assigned to each Defendant and the ISP and/or cable operator that

5    provided each Defendant with internet access.  Further, the requested

6    discovery is necessary for Plaintiff to determine the names and

7    addresses of each Defendant who performed the allegedly illegal and

8    infringing acts.  Therefore, Plaintiff has sufficiently identified

9    each Defendant such that the Court can determine if each Defendant is

10   a person or entity that could be sued in federal court.

11       B. <u>Previous Steps Taken to Locate Defendants</u>

12   The only information Plaintiff has regarding the Defendants is

13   their IP addresses and their ISPs and/or cable operators.  Therefore,

14   there are no other measures Plaintiff could take to identify the

15   Defendants other than to obtain their identifying information from

16   their ISPs and/or cable operators.  Consequently, Plaintiff must serve

17   subpoenas on Defendants' ISPs and/or cable operators to obtain the

18   information it seeks.

19       C. <u>Whether Plaintiff's Action Could Withstand</u>
         <u>a Motion to Dismiss</u>
20           1. <u>Violation of 18 U.S.C. § 2701</u>

21   Plaintiff has demonstrated that its claim for violation of 18

22   U.S.C. § 2701 could withstand a motion to dismiss.  18 U.S.C. § 2701

23   states in pertinent part:

24       ... (W)hoever (1) intentionally accesses without
         authorization a facility through which electronic
25       communication service is provided;... (2) and thereby
         obtains... access to a ... electronic communication while
26       it is in electronic storage... shall be punished...

27   18 U.S.C. § 2701 applies to trespasses in which the trespasser

28   gains access to information which he is not entitled to see.

1  <u>Therapeutic Research Faculty v. NBTY, Inc.</u>, 488 F. Supp 2d 991 (E.D.

2  Cal. 2007).

3      18 U.S.C. § 2707 states in pertinent part:

4          ... Any provider of electronic communication service,
           subscriber, or other person aggrieved by any violation of
5          this chapter in which the conduct constituting the
           violation is engaged in with a knowing or intentional state
6          of mind may, in a civil action, recover from the person or
           entity... which engaged in that violation such relief as
7          may be appropriate.

8      Here, Plaintiff's Complaint alleges that Defendants intentionally

9  accessed its web servers, which are facilities where electronic

10 communication services are provided, Defendants had no right to access

11 the copyrighted materials on Plaintiff's website, and Defendants

12 obtained access to these electronic communications while these

13 communications were in electronic storage. Therefore, it appears that

14 Plaintiff has alleged the *prima facie* elements of a violation of 18

15 U.S.C. § 2701. Accordingly 18 U.S.C. § 2707 authorizes Plaintiff's

16 action. As a result, the Court finds that Plaintiff's action in this

17 regard could withstand a motion to dismiss.

18                2. <u>Violation of 18 U.S.C. § 1030</u>

19     Plaintiff has demonstrated that its claim for violation of 18

20 U.S.C. § 1030 could withstand a motion to dismiss.  18 U.S.C. § 1030

21 states in pertinent part:

22         (a)(2)(C) Whoever... intentionally accesses a computer
           without authorization... and thereby obtains — — ...
23         information from any protected computer if the conduct
           involved an interstate or foreign communication...
24
           (a)(7)(b) with intent to extort from any... person, any
25         money or thing of value transmits in interstate...
           commerce... shall be punished as provided in subsection (c)
26         of this section...

27         (g) Any person who suffers damage or loss by reason of a
           violation of this section may maintain a civil action
28         against the violator to obtain compensatory damages and
           injunctive relief or any other equitable relief.

                                   -5-                          10cv1823

1   Here, Plaintiff's Complaint alleges that Defendants unlawfully
2   and without authorization entered into its computer server, which was
3   used in interstate commerce, where Plaintiff's copyrighted materials
4   were contained, stole Plaintiff's copyrighted materials, valued in
5   excess of $15,000, and as a result of such conduct, caused Plaintiff
6   to suffer damage.  Based on these facts, §1030(g) authorizes
7   Plaintiff's civil action.  Therefore, it appears that Plaintiff has
8   alleged the *prima facie* elements of a violation of 18 U.S.C. § 1030.
9   As a result, the Court finds that Plaintiff's action in this regard
10  could withstand a motion to dismiss.

11                  3. Copyright Infringement
12      Plaintiff has demonstrated that its claim for copyright
13  infringement could withstand a motion to dismiss.  A plaintiff who
14  claims copyright infringement must allege (1) ownership of a valid
15  copyright, and (2) that the defendant violated the copyright owner's
16  exclusive rights under the Copyright Act, 17 U.S.C. §501(a).[2/] Ellison
17  v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).

18      Here, Plaintiff has alleged that it is the owner of the
19  copyrights for certain motion pictures, which were accessed,
20  reproduced, distributed and publicly displayed by Defendants. Also,
21  Plaintiff alleges that Defendants, without authorization,
22  intentionally accessed, reproduced and distributed Plaintiff's
23  copyrighted works onto their local hard drives or other storage
24  devices.  Therefore, it appears that Plaintiff has alleged the *prima*
25  *facie* elements of copyright infringement.  As a result, the Court

26
27  _____

28      [2]17 U.S.C. §501(a) states in pertinent part:
        Anyone who violates any of the exclusive rights of the copyright owner...
        is an infringer of the copyright of the author...

1    finds that Plaintiff's action in this regard could withstand a motion
2    to dismiss.

III

CONCLUSION

5    The Court, having reviewed Plaintiff's Motion for Leave To Take
6    Immediate Discovery, the authorities cited therein, as well as other
7    applicable statutes and law, finds that Plaintiff has satisfied the
8    principles discussed in 47 U.S.C. §551 and <u>Columbia</u>, <u>supra</u>.
9    Therefore, Plaintiff's Motion is GRANTED.

10   Accordingly, it is HEREBY ORDERED:

11   1. Plaintiff may serve subpoenas, pursuant to Fed. R. Civ. P. 45,
12   on Comcast, Cablevision and Charter Communications that seek
13   information sufficient to identify the Defendants, including their
14   names, current addresses, telephone numbers and e-mail addresses, as
15   listed on Exh. 1 to this Order.

16   2. Within seven (7) calendar days after service of the subpoenas,
17   Comcast, Cablevision and Charter Communications shall notify the
18   subscribers that their identities are sought by Plaintiff. Each
19   subscriber whose identity is sought may, within 21 calendar days from
20   the date of such notice, file documents with the Court that contest
21   the subpoena(s).

22   3. Any information disclosed to Plaintiff in response to the
23   subpoenas may be used by Plaintiff solely for the purposes of
24   protecting Plaintiff's rights in pursuing this litigation.

25   4. If Comcast, Cablevision or Charter Communications wish to move
26   to quash the subpoena issued to them, they shall do so before the
27   return date of the subpoena. If such a motion is brought, Comcast,
28   Cablevision or Charter Communications shall preserve the information

1  sought by Plaintiff in the subpoena pending resolution of such motion.

2      5.  Plaintiff shall provide a copy of this Order to Comcast,

3  Cablevision and Charter Communications when the subpoenas are served

4  on each of them.

5

6  DATED:   November 3, 2010

7

8

9

10                          Hon. William V. Gallo
                            U.S. Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

10cv1823

1) Comcast, Doe 30, IP address 24.147.155.202 (on **4/15/10** at 2:43:41, 2:43:46, 2:43:58, 2:44:08, 2:44:36, 2:47:44, 2:47:46, 2:47:55, 2:47:44, 2:47:46, 2:47:55, 2:43:17, 2:43:22, 2:43:17, 2:43:22, 2:43:17, 2:43:22, 2:43:17, 2:43:22, 2:43:41, 2:43:46, 2:43:58, 2:44:08, 2:44:36, 2:43:41, 2:43:46, 2:43:58, 2:44:08, 2:44:36, 2:47:44, 2:47:46, 2:47:55, 2:43:41, 2:43:58, 2:44:08, 2:44:36, 2:47:44, 2:47:46, 2:47:55 GMT);

2) Comcast, Doe 41, IP address 24.21.33.11 (on **4/8/10** at 10:04:45, 10:04:50, 10:04:53, 10:05:02, 10:08:29, 10:08:34, 10:08:41, 10:09:12, 10:09:14, 10:09:15, 10:10:01, 10:10:05, 10:10:08, 10:10:13, 10:10:19, 10:04:45, 10:04:50, 10:04:53, 10:05:02, 10:08:29, 10:08:34, 10:08:41, 10:09:12, 10:09:14, 10:09:15, 10:10:01, 10:10:05, 10:10:08, 10:10:13, 10:10:19 GMT; **4/13/10** 3:32:08, 3:32:13, and 3:32:34 GMT; **4/15/10** 8:04:28, 8:04:39, 8:04:48, 8:04:55, 8:05:28, 8:23:31, 8:23:34, 8:24:04, 8:27:02, 8:27:35, 8:27:43, 8:04:28, 8:04:39, 8:04:48, 8:04:55, 8:05:28, 8:23:31, 8:23:34, 8:24:04, 8:27:02, 8:27:35, 8:27:43 GMT) ;

3) Comcast, Doe 55, IP address 71.56.21.161 (on **4/16/10** at 4:09:59 GMT);

4) Comcast, Doe 59, IP address 98.225.19.67 (on **4/15/10** at 16:25:49 GMT);

5) Comcast, Doe 26, IP address 69.248.127.34 (on **4/15/10** at 12:50:52 GMT);

6) Comcast, Doe 14, IP address 69.181.71.30 (on 4/**12/10** at 7:38:22, 7:38:32, 7:38:49, 7:38:56, 7:39:02, 7:39:08, 7:39:28, 7:39:30, 7:39:46, 7:39:51, 7:40:39, 7:40:44, 7:40:50, 7:40:55, 7:41:19, 7:41:22, 7:41:32, 7:41:35, 7:41:45, 7:41:53, 7:42:05, 7:42:19, 7:42:34, 7:42:37, 7:43:01, 7:43:16, 7:43:43, 7:43:49, 7:43:55, 7:44:13, 7:44:30, 7:45:32, 7:45:36, 7:45:55, 7:46:17, 7:46:43, 7:46:44, 7:47:10, 7:47:19, 7:47:33, 7:47:38, 7:47:56, 7:47:58, 7:48:33, 7:48:39, 7:48:43, 7:48:58, 7:50:17, 7:50:20, 7:50:26, 7:50:31, 7:50:52, 7:50:57, 7:51:21, 7:51:41, 7:51:43, 7:53:04, 7:38:22, 7:38:32, 7:38:49, 7:38:56, 7:39:02, 7:39:08, 7:39:28, 7:39:30, 7:39:46, 7:39:51, 7:40:39, 7:40:44, 7:40:50, 7:40:55, 7:41:19, 7:41:22, 7:41:32, 7:41:35, 7:41:45, 7:41:53, 7:42:05, 7:42:19, 7:42:34, 7:42:37, 7:43:01, 7:43:16, 7:43:43, 7:43:49, 7:43:55, 7:44:13, 7:44:30, 7:45:32, 7:45:36, 7:45:55, 7:46:17,

7:46:43, 7:46:44, 7:47:10, 7:47:19, 7:47:33, 7:47:38, 7:47:56, 7:47:58, 7:48:33, 7:48:39, 7:48:43, 7:48:58, 7:50:17, 7:50:20, 7:50:26, 7:50:31, 7:50:52, 7:50:57, 7:51:21, 7:51:41, 7:51:43, 7:53:04 GMT; on **4/13/10** at 7:24:15, 7:38:07, 7:38:10, 7:38:25, 7:38:41, 7:40:20, 7:40:25, 7:40:39, 7:40:45, 7:40:49, 7:42:06, 7:42:27, 7:43:03, 7:43:29, 7:43:36, 7:44:04, 7:45:48, 7:24:15, 7:38:07, 7:38:10, 7:38:25, 7:38:41, 7:40:20, 7:40:25, 7:40:39, 7:40:45, 7:40:49, 7:42:06, 7:42:27, 7:43:03, 7:43:29, 7:43:36, 7:44:04, 7:45:48 GMT);

7) Comcast, Doe 31, IP address 98.229.211.117 (on **4/7/10** 8:42:59 GMT; on **4/8/10** at 7:23:01, 7:23:39, 7:23:59, 7:24:06, 7:24:12, 7:24:18, 7:24:23, 7:24:32, 7:24:38, 7:25:00, 7:25:05, 7:25:12, 7:25:24, 7:25:35, 7:25:42, 7:25:51, 7:25:57, 7:26:02, 7:26:14, 7:26:21, 7:26:27, 7:26:34, 7:26:53, 7:26:59, 7:27:15, 7:27:20, 7:27:26, 7:27:31, 7:27:38, 7:27:45, 7:27:55, 7:28:03, 7:23:01, 7:23:39, 7:23:59, 7:24:06, 7:24:12, 7:24:18, 7:24:23, 7:24:32, 7:24:38, 7:25:00, 7:25:05, 7:25:12, 7:25:24, 7:25:35, 7:25:42, 7:25:51, 7:25:57, 7:26:02, 7:26:14, 7:26:21, 7:26:27, 7:26:34, 7:26:53, 7:26:59, 7:27:15, 7:27:20, 7:27:26, 7:27:31, 7:27:38, 7:27:45, 7:27:55, 7:28:03 GMT; on **4/9/10** at 9:36:20, 9:40:38, 9:40:44, 9:40:50, 9:41:11, 9:41:18, 9:41:24, 9:41:45, 9:41:52, 9:43:21, 9:43:28, 9:43:43, 9:43:54, 9:44:03, 9:45:21, 9:45:48, 9:45:54, 9:45:59, 9:46:12, 18:55:47, 18:55:52, 18:55:57, 18:56:01, 18:56:07, 18:56:34, 18:56:52, 18:57:01, 9:36:20, 9:40:38, 9:40:44, 9:40:50, 9:41:11, 9:41:18, 9:41:24, 9:41:45, 9:41:52, 9:43:21, 9:43:28, 9:43:43, 9:43:54, 9:44:03, 9:45:21, 9:45:48, 9:45:54, 9:45:59, 9:46:12, 18:55:47, 18:55:52, 18:55:57, 18:56:01, 18:56:07, 18:56:34, 18:56:52, 18:57:01 GMT; on **4/13/10** at 7:07:52, 7:16:18, 7:16:25, 7:16:31, 7:16:43, 7:16:53, 7:17:02, 7:17:11, 7:17:20, 22:20:43, 22:20:50, 22:20:55, 22:21:02, 22:21:21, 22:21:31, 22:21:40, 22:21:50, 22:22:00, 22:22:28, 22:22:35, 22:22:44, 22:22:51, 22:22:59, 22:23:07, 22:23:14, 22:23:21, 22:24:01, 22:24:11, 7:07:52, 7:16:18, 7:16:25, 7:16:31, 7:16:43, 7:16:53, 7:17:02, 7:17:11, 7:17:20, 22:20:43, 22:20:50, 22:20:55, 22:21:02, 22:21:21, 22:21:31, 22:21:40, 22:21:50, 22:22:00, 22:22:28, 22:22:35, 22:22:44,

22:22:51, 22:22:59, 22:23:07, 22:23:14, 22:23:21, 22:24:01, 22:24:11 GMT; on **4/15/10** at 8:11:55, 8:12:37, 8:12:46, 8:12:52, 8:13:06, 8:13:11, 8:13:16, 8:13:22, 8:13:28, 8:13:36, 8:13:44, 8:14:14, 8:14:23, 8:14:32, 8:14:38, 8:14:50, 8:11:55, 8:12:37, 8:12:46, 8:12:52, 8:13:06, 8:13:11, 8:13:16, 8:13:22, 8:13:28, 8:13:36, 8:13:44, 8:14:14, 8:14:23, 8:14:32, 8:14:38, 8:14:50 GMT);

8) Comcast, Doe 20, IP address 69.141.22.205 (on **4/7/10** at 11:38:29, 11:38:52, 11:39:06, 11:41:31, 11:38:29, 11:38:52: 11:39:06, 11:39:49, 11:41:31 GMT, on **4/8/10** at 20:27:48, 20:28:19, 20:28:32, 20:31:45 GMT; on **4/12/10** at 21:00:54 and 21:01:32 GMT; on **4/14/10** at 11:52:41, 11:53:06, 11:53:41, 11:54:00 GMT; on **4/15/10** at 18:10:15, 18:10:59, 18:11:16, 18:11:34, 18:10:15, 18:10:59, 18:11:16, 18:11:34, 17:13:56, 17:14:04, 17:14:36, 17:14:44, 17:14:57, 17:15:09, 17:15:32, 17:15:57, 17:16:04, 17:16:12, 17:16:19, 17:16:47, 17:16:54, 17:17:01, 17:17:20, 17:17:28, 17:17:39, 17:18:17, 16:57:13, 16:57:23, 16:57:30, 16:57:13, 16:57:23, 16:57:30, 17:07:09, 17:07:12, 17:07:19, 17:07:29, 17:07:35, 17:07:42, 17:07:49, 17:07:59, 17:08:04, 17:08:09, 17:08:35, 17:08:40, 17:08:46, 17:08:54, 17:09:02, 17:09:21, 17:09:27, 17:09:33, 17:09:39, 17:35:31, 17:35:38, 17:35:46, 17:35:57, 17:36:07, 17:36:34, 17:36:39, 17:36:43, 17:37:05, 17:37:11, 20:41:36, 20:41:39, 20:43:02, 17:10:38, 17:10:42, 17:11:08, 17:11:38, 17:11:51, 17:12:02, 17:10:38, 17:10:42, 17:11:08, 17:11:38, 17:11:51, 17:12:02, 17:05:28, 17:05:31, 17:00:19, 17:00:24, 20:23:53, 20:25:34, 20:28:42, 20:29:04, 17:00:19, 17:00:24, 20:23:53, 20:25:34, 20:28:42, 20:29:04, 17:20:00, 17:20:02, 17:20:12, 17:21:17, 17:21:41, 17:21:50, 17:21:58, 17:22:50, 17:23:14, 17:23:22, 17:23:34, 17:25:29, 17:25:35, 17:25:38, 17:25:57, 17:26:21, 17:26:28, 17:26:34, 17:26:41, 17:27:14, 17:27:42, 17:27:48, 17:27:53, 17:28:23, 17:28:28, 17:28:37, 17:28:50, 17:29:22, 17:37:34, 17:37:41, 17:37:49, 17:38:35, 17:38:53, 17:39:25, 17:39:31, 17:39:40, 17:39:48, 17:39:55, 17:20:00, 17:20:02, 17:20:12, 17:21:17, 17:21:41, 17:21:50, 17:21:58, 17:22:50, 17:23:14, 17:23:22, 17:23:34, 17:25:29, 17:25:35, 17:25:38, 17:25:57, 17:26:21, 17:26:28, 17:26:34, 17:26:41, 17:27:14, 17:27:42, 17:27:48,

17:27:53, 17:28:23, 17:28:28, 17:28:37, 17:28:50, 17:29:22, 17:37:34, 17:37:41, 17:37:49, 17:38:35, 17:38:53, 17:39:25, 17:39:31, 17:39:40, 17:39:48, 17:39:55, 17:07:09, 17:07:12, 17:07:19, 17:07:29, 17:07:35, 17:07:42, 17:07:4, 17:07:59, 17:08:04, 17:08:09, 17:08:35, 17:08:40, 17:08:46, 17:08:54, 17:09:02, 17:09:21, 17:09:27, 17:09:33, 17:09:39, 17:35:31, 17:35:38, 17:35:46, 17:35:57, 17:36:07, 17:36:34, 17:36:39, 17:36:43, 17:37:05, 17:37:11, 20:41:36, 20:41:39, 20:43:02, 17:30:14, 17:30:16, 17:30:27, 17:30:56, 17:31:03, 17:31:08, 17:31:15, 17:31:22, 17:31:28, 17:31:56, 17:32:02, 17:32:11, 17:32:16, 17:32:41, 17:32:59, 17:33:04, 17:33:52, 17:33:59, 17:34:28, 17:34:34, 17:30:14, 17:30:16, 17:30:27, 17:30:56, 17:31:03, 17:31:08, 17:31:15, 17:31:22, 17:31:28, 17:31:56, 17:32:02, 17:32:11, 17:32:16, 17:32:41, 17:32:59, 17:33:04, 17:33:52, 17:33:59, 17:34:28, 17:34:34, 17:13:56, 17:14:04, 17:14:36, 17:14:44, 17:14:57, 17:15:09, 17:15:32, 17:15:57, 17:16:04, 17:16:12, 17:16:19, 17:16:47, 17:16:54, 17:17:01, 17:17:20, 17:17:28, 17:17:39, 17:18:17, 17:05:28, 17:05:31 GMT);

9) Cablevision, Doe 22, IP address 24.228.21.211 (on **4/7/10** at 4:15:58, 4:16:14, 4:16:18, 4:16:39, 4:16:44, 4:16:51, 4:16:55, 4:16:59, 4:17:04, 4:17:09, 4:17:15, 4:17:21, 4:17:26, 4:17:36, 4:17:39, 4:17:46, 4:17:51, 4:17:55, 4:18:00, 4:18:04, 4:18:17, 4:18:19, 4:18:27, 4:19:16, 4:19:20, 4:21:21, 4:21:26, 4:21:31, 4:21:37, 4:21:41, 4:21:46, 4:21:53, 4:21:58, 4:22:07, 4:22:38, 4:22:40, 4:22:48, 4:22:51, 4:22:54, 4:22:59, 4:23:03, 4:23:18, 4:23:21, 4:23:29, 4:23:34, 4:23:39, 4:23:45, 4:24:08, 4:24:15, 4:24:28, 4:24:47, 4:26:42, 4:27:08, 4:28:02, 4:28:06, 4:28:34, 4:28:38, 4:28:42, 4:28:48, 4:28:54, 4:28:59, 4:30:50, 4:30:54, 4:30:59, 4:31:12, 4:35:07, 4:35:24, 4:35:38, 4:35:41, 4:35:45, 4:35:49, 4:35:52, 4:35:54, 4:35:57, 4:15:58, 4:16:14, 4:16:18, 4:16:39, 4:16:44, 4:16:51, 4:16:55, 4:16:59, 4:17:04, 4:17:09, 4:17:15, 4:17:21, 4:17:26, 4:17:36, 4:17:39, 4:17:46, 4:17:51, 4:17:55, 4:18:00, 4:18:04, 4:18:17, 4:18:19, 4:18:27, 4:19:16, 4:19:20, 4:21:21, 4:21:26, 4:21:31, 4:21:37, 4:21:41, 4:21:46, 4:21:53, 4:21:58, 4:22:07, 4:22:38, 4:22:40, 4:22:48, 4:22:51, 4:22:54, 4:22:59, 4:23:03, 4:23:18, 4:23:21, 4:23:29, 4:23:34,

4:23:39, 4:23:45, 4:24:08, 4:24:15,  4:24:28, 4:24:47, 4:26:42, 4:27:08, 4:28:02, 4:28:06, 4:28:34, 4:28:38, 4:28:42, 4:28:48, 4:28:54, 4:28:59, 4:30:50, 4:30:54, 4:30:59, 4:31:12, 4:35:07, 4:35:24, 4:35:38, 4:35:41, 4:35:45, 4:35:49, 4:35:52, 4:35:54, 4:35:57 GMT; on **4/14/10** at 5:31:04, 5:31:20, 5:31:30, 5:31:40, 5:31:48, 5:31:58, 5:32:10, 5:32:27, 5:32:38, 5:32:56, 5:44:30, 5:44:32, 5:44:45, 5:44:53, 5:45:05, 5:45:50, 5:46:46, 5:46:59, 5:47:08, 5:31:04, 5:31:20, 5:31:30, 5:31:40, 5:31:48, 5:31:58, 5:32:10, 5:32:27, 5:32:38, 5:32:56, 5:44:30, 5:44:32, 5:44:45, 5:44:53,  5:45:05,  5:45:50,  5:46:46,  5:46:59,  5:47:08,  23:45:52,  23:46:04, 23:46:16, 23:46:19, 23:46:36, 23:46:40, 23:47:01, 23:47:25, 23:47:28, 23:47:30, 23:47:33, 23:45:52, 23:46:04, 23:46:16, 23:46:19, 23:46:36, 23:46:40, 23:47:01, 23:47:25, 23:47:28, 23:47:30, 23:47:33 GMT);

10) Cablevision, Doe 7, IP address 24.184.108.61 (on **4/14/10** at 16:05:57 and16:06:10 GMT; on **4/7/10** at 15:50:22, 15:50:36, 15:50:22, 15:50:36 GMT; on **4/8/10** at 18:35:54 GMT; on **4/12/10** at 15:00:57, 15:01:12, 15:02:17, 15:03:30, 15:02:29, 15:00:57, 15:01:12, 15:02:17, 15:03:30, 15:02:29, 15:02:05 GMT, on **4/13/10** at 16:18:33 and 16:18:44 GMT);

11) Cablevision, Doe 24, IP address 67.84.117.149 (on **4/7/10** at 6:22:04 GMT, on **4/8/10** at 17:25:11, 17:26:36, 17:27:10, 17:28:49, 17:32:35, 17:32:42, 17:35:37 GMT; on **4/9/10** at 5:07:47, 5:09:33, 5:38:32, 5:38:35, 5:38:42, 5:38:51, 5:39:15, 5:39:22 GMT);

12) Charter Communications, Doe 27, IP address 24.241.225.144 (on **4/15/10** at 2:45:38, 2:46:34, 2:46:43, 2:46:53, 12:09:10, 12:09:21, 12:09:27, 12:09:33, 12:09:38, 12:09:44, 12:09:50, 12:10:40, 12:10:46, 12:09:10, 12:09:21, 12:09:27, 12:09:33, 12:09:38, 12:09:44, 12:09:50, 12:10:40, 12:10:46, 2:45:38, 2:46:34, 2:46:43, 2:46:53, 12:12:16, 12:12:23, 12:12:28, 12:12:41, 12:12:55, 12:13:13, 12:13:19, 12:13:52, 12:14:02, 12:14:28, 12:14:35, 2:45:38, 2:46:34 2:46:43, 2:46:53, 2:45:38, 2:46:34, 2:46:43, 2:46:53, 12:12:16, 12:12:23, 12:12:28, 12:12:41, 12:12:55, 12:13:13, 12:13:19, 12:13:52, 12:14:02, 12:14:28, 12:14:35

GMT; on **4/9/10** at 4:41:51, 4:42:01, 4:42:17, 4:42:24, 4:42:56, 4:43:01, 4:43:06, 4:41:51, 4:42:01, 4:42:17, 4:42:24, 4:42:56, 4:43:01, 4:43:06 GMT);

13) Charter Communications, Doe 56, IP address 96.32.141.135 (on **4/7/10** at 22:00:21, 22:08:41, 22:01:08, 22:08:36, 22:01:08, 22:08:36, 22:00:21, 22:08:41 GMT).