Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. 10-CV-1823 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **(1) UNLAWFUL ACCESS TO STORED COMMUNICATIONS - 18 U.S.C. § 2701;** |
| DOES 1- 3, 5, DOES 7-9, CARLOS MANCERA (formerly Doe 10), DOE 13, JOHN JOHN (formerly Doe 15), DOE 19, DOES 21-22, DOE 24, HEATHER LEWIS (formerly Doe 25), JOHN RESZKOWSKI (formerly Doe 26); CHRISTIAN CIBOTTI (formerly Doe 30); DOES 32-40; FRED MARTINEZ (formerly Doe 41); ADELINE AUGUSTIN (formerly Doe 54); DOE 55, | **(2) COMPUTER FRAUD AND ABUSE – 18 U.S.C. § 1030** **(3) COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501** |
| Defendants | |

Plaintiff, Liberty Media Holdings ("Liberty" or "Plaintiff") files this First Amended Complaint against multiple defendants and alleges as follows:

### INTRODUCTION

1.     The Plaintiff produces high quality photographs and motion pictures, which are published on it's website, on DVDs and books, as well as licensed to third party publishers for a premium fee.

2.     The Plaintiff charges a monthly membership fee for access to its website of $34.95 per month.  However, the defendants each accessed the Plaintiff's website, www.corbinfisher.com, by bypassing the necessary payment and login steps required of users.   There are multiple defendants, some of whose identity is unknown at present, who accessed Plaintiff's computer

system from 29 different states.  Plaintiff has all of their internet protocol (IP) addresses, and will subpoena the Defendants Internet Service Providers (ISPs) in order to ascertain the names and addresses of the remaining Doe Defendants.

3.  The Defendants' actions are a violation of the Plaintiff's copyrights as protected by Title 17 of the U.S. Code.  Additionally, by accessing the Plaintiff's website without payment and without authorization, Defendants violated 18 U.S.C. § 2701 and 18 U.S.C. § 1030.

4.  The Defendant's actions were willful in nature, entitling the Plaintiff to enhanced damages.  The Plaintiff seeks statutory damages, actual damages, an award of its attorney's fees and costs, as well as injunctive relief to ensure that Defendants engage in no future activity of a similar nature.

### JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction under 38 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.  More specifically, this dispute arises, at least in part, under the provisions of the Computer Fraud And Abuse Act, 18 U.S.C. § 1030. Additionally, this Court has subject matter jurisdiction pursuant to the Copyright Act (17 U.S.C. §§ 101 et. seq.), and the Digital Millennium Copyright Act 18 U.S.C. §2701.

6.  This Court has personal jurisdiction over the Defendants as they have all committed tortious acts within this district and/or aimed their tortuous acts toward this district with the knowledge that the negative consequences would be felt in this jurisdiction.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in this district, and thus, this venue is the most appropriate forum in which this case should be heard.

### THE PARTIES

### THE PLAINTIFF, LIBERTY MEDIA HOLDINGS, LLC

8.  Liberty is a California corporation with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

9.  Liberty creates original works of creative expression in the form of gay-themed adult entertainment films.

### DEFENDANT DOE 1

10.  The identity of Defendant Doe 1 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

11.     Defendant Doe 1 accessed the Plaintiff's computer servers through the IP address 141.213.170.160.

### Defendant Doe 2

12.     The identity of Defendant Doe 2 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

13.     Defendant Doe 2 accessed the Plaintiff's computer servers through the IP address 24.24.95.170.

### Defendant Doe 3

14.     The identity of Defendant Doe 3 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

15.     Defendant Doe 3 accessed the Plaintiff's computer servers through the IP address 207.237.56.190.

### Defendant Doe 5

16.     The identity of Defendant Doe 5 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

17.     Defendant Doe 5 accessed the Plaintiff's computer servers through the IP address 149.61.136.214.

### Defendant Doe 7

18.     The identity of Defendant Doe 7 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

19.     Defendant Doe 7 accessed the Plaintiff's computer servers through the IP address 24.184.108.61.

### Defendant Doe 8

20.     The identity of Defendant Doe 8 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

21.     Defendant Doe 8 accessed the Plaintiff's computer servers through the IP address 74.167.111.167.

### Defendant Doe 9

22.     The identity of Defendant Doe 9 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

23.     Defendant Doe 9 accessed the Plaintiff's computer servers through the IP address 76.186.105.143.

**Defendant Carlos Mancera**

24.     Defendant Carlos Mancera accessed the Plaintiff's computer servers through the IP address is 70.234.228.208.   After gaining unlawful access, Mr. Mancera accessed Plaintiff's copyrighted works.

**Defendant Doe 13**

25.     The identity of Defendant Doe 13 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

26.     Defendant Doe 13 accessed the Plaintiff's computer servers through the IP address 76.254.8.174.

**Defendant John John**

27.     John John, which is believed to be an alias, accessed the Plaintiff's computer servers through the IP address 69.109.163.109.   After gaining unlawful access, Mr. John accessed Plaintiff's copyrighted works.

**Defendant Doe 19**

28.     The identity of Defendant Doe 19 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

29.     Defendant Doe 19 accessed the Plaintiff's computer servers through the IP address 144.80.133.123.

**Defendant Doe 21**

30.     The identity of Defendant Doe 21 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

31.     Defendant Doe 21 accessed the Plaintiff's computer servers through the IP address 76.84.200.40.

**Defendant Doe 22**

32.     The identity of Defendant Doe 22 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

33.     Defendant Doe 22 accessed the Plaintiff's computer servers through the IP address 24.228.21.211.

**Defendant Doe 24**

34.     The identity of Defendant Doe 24 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

35.     Defendant Doe 24 accessed the Plaintiff's computer servers through the IP address 67.84.117.149.

### Defendant Heather Lewis

36.     Heather Lewis accessed the Plaintiff's computer servers through the IP address 71.125.78.26.  After gaining unlawful access, Ms. Lewis accessed Plaintiff's copyrighted works.

### Defendant John Reszkowski

37.     John Reszkowski accessed the Plaintiff's computer servers through the IP address 69.248.127.34.  After unlawfully gaining access, Mr. Reszkowski accessed Plaintiff's copyrighted works.

### Defendant Christian Cibotti

38.     Defendant Doe 30 accessed the Plaintiff's computer servers through the IP address 24.147.155.202.  After unlawfully gaining access, Mr. Cibotti accessed Plainttiff's copyrighted works.

### Defendant Doe 32

39.     The identity of Defendant Doe 32 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

40.     Defendant Doe 32 accessed the Plaintiff's computer servers through the IP address 170.223.131.151.

### Defendant Doe 33

41.     The identity of Defendant Doe 33 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

42.     Defendant Doe 33 accessed the Plaintiff's computer servers through the IP address 74.248.126.187.

### Defendant Doe 34

43.     The identity of Defendant Doe 34 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

44.     Defendant Doe 34 accessed the Plaintiff's computer servers through the IP address 74.248.120.3.

### Defendant Doe 35

45.     The identity of Defendant Doe 35 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

46.     Defendant Doe 35 accessed the Plaintiff's computer servers through the IP address 74.248.119.190.

### Defendant Doe 36

47.     The identity of Defendant Doe 36 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

48.     Defendant Doe 36 accessed the Plaintiff's computer servers through the IP address 137.30.250.154.

### Defendant Doe 37

49.     The identity of Defendant Doe 37 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

50.     Defendant Doe 37 accessed the Plaintiff's computer servers through the IP address 66.8.232.208.

### Defendant Doe 38

51.     The identity of Defendant Doe 38 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

52.     Defendant Doe 38 accessed the Plaintiff's computer servers through the IP address 70.119.122.0.

### Defendant Doe 39

53.     The identity of Defendant Doe 39 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

54.     Defendant Doe 39 accessed the Plaintiff's computer servers through the IP address 74.176.99.73.

### Defendant Doe 40

55.     The identity of Defendant Doe 40 is currently unknown.  The Complaint will be amended to reflect the true identity once it has been discovered.

56.     Defendant Doe 39 accessed the Plaintiff's computer servers through the IP address 68.202.230.99.

### Defendant Fred Martinez

57.     Fred Martinez accessed the Plaintiff's computer servers through the IP address 24.21.33.11.  After unlawfully gaining access, Mr. Martinez accessed Plaintiff's copyrighted works.

**Defendant Adeline Augustin**

58.     Adeline Augustin accessed the Plaintiff's computer servers through the IP address 71.56.21.161.   After unlawfully gaining access, Ms. Augustin accessed Plaintiff's copyrighted works.

**Defendant Doe 55**

59.     The identity of Defendant Doe 55 is currently unknown.   The Complaint will be amended to reflect the true identity once it has been discovered.

60.     Defendant Doe 55 accessed the Plaintiff's computer servers through the IP address 96.32.141.135.

**FIRST CAUSE OF ACTION**

**(Unlawful Access to Stored Communications 18 U.S.C. §§ 2701 and 2707)**

61.     The Plaintiff re-alleges and incorporates by reference as if verbatim Paragraphs 1-67.

62.     The Defendants intentionally accessed the Plaintiff's web servers, which are facilities where electronic communication services are provided.

63.     The Defendants committed these unlawful accesses on various dates in April 2010.

64.     The Defendants, who were not members of the Corbin Fisher website, and thus had no right to access the Plaintiff's copyrighted materials, unlawfully did so.

65.     The Defendants obtained access to Plaintiff's electronic communications while they were in electronic storage and thus should be punished under 18 U.S.C. § 2701.

66.     Pursuant to 18 U.S.C. § 2707, the Defendants are liable to the Plaintiff for damages and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**

**(Computer Fraud and Abuse Act 18 U.S.C. § 1030)**

67.     Plaintiff re-alleges and incorporates by reference as if verbatim, Paragraphs 1-73.

68.     Defendants did unlawfully enter into a computer server where Plaintiff's copyrighted materials were contained, and did unlawfully enter Plaintiff's computer servers.

69.     This entry was unauthorized, and through this entry, Defendants did steal the Plaintiff's property, the copyrighted materials, the value of which was in excess of $15,000.

70.     The Plaintiff's computer servers constitute a "computer" within the meaning of 18 U.S.C. § 1030(e)(1).

71.     The "computer" identified above was used in interstate commerce or communication and was a protected computer within the meaning of 18 U.S.C. § 1030(e)(2)(B).

72.     Defendants knowingly caused the transmission of a program, information, code, or command targeted at a protected computer.

73.     As a result of such conduct, Defendants intentionally caused damage without authorization, to the Plaintiff and to the relevant computer systems.

74.     Defendants intentionally accessed a protected computer without authorization, and as a result of such conduct, has caused damage.

75.     The damage caused includes a loss aggregating substantially more than the $5000 amount required under 18 U.S.C. § 1030(a)(5)(B)(i).

76.     Plaintiff has been damaged, and has suffered losses, due to these past wrongs by Defendants.

### THIRD CAUSE OF ACTION
### (Copyright Infringement 17 U.S.C. § 501)

77.     Plaintiff re-alleges and incorporates by reference as if verbatim, Paragraphs 1-84.

78.     At all times relevant hereto, the Plaintiff has been the owner and producer of the motion pictures, which were reproduced, distributed, and publicly displayed by the Defendants.

79.     The Plaintiff holds copyright registration certificates from the United States Copyright Office that cover the infringed upon motion pictures.

80.     Without authorization, the Defendants accessed, reproduced and distributed the Plaintiff's copyrighted and registered works.

81.     They did so by accessing the Plaintiff's computer servers either by hacking into them directly or by using hacked portals provided by others.

82.     Once inside the Plaintiff's computer systems, the Defendants downloaded the Plaintiff's copyrighted works, thus creating a copy of the works on the Defendants' local hard drive or other storage device.

83.     The Defendant's conduct was willful within the meaning given to that term by the Copyright Act.

84.     As a result of their wrongful conduct, the Defendant is liable to the Plaintiff for copyright infringement under 17 U.S.C. § 501.

85.     Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c).

86.    In addition, because the Defendant's infringing acts were willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

87.    Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### <u>WHEREFORE; PLAINTIFF PRAYS</u>

1.    Statutory damages pursuant to:

    a.   17 U.S.C. § 504(c) of not less than $750 per infringement;

    b.   18 U.S.C. § 2707(b) and (c) of not less than $1000 per intrusion;

2.    Compensatory Damages in an amount to be proven at trial;

3.    Injunctive relief reversing all actions committed by Defendants and enjoining them from further violations;

4.    Attorney's fees and costs as authorized by statute;

5.    For any additional and further relief which this Court deems to be just and proper.

Date: December 22, 2010.

<u>s/ Marc Randazza</u>
Marc Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com