Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1- 3, 5, DOES 7-9, CARLOS MANCERA (formerly Doe 10), DOE 13, JOHN JOHN (formerly Doe 15), DOE 19, DOES 21-22, DOE 24, HEATHER LEWIS (formerly Doe 25); DOES 32-40; FRED MARTINEZ (formerly Doe 41); ADELINE AUGUSTIN (formerly Doe 54); DOE 55,<br><br>Defendants | Case No. 10-CV-1823-DMS-WVG<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT HEATHER LEWIS' MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO SEVER CLAIMS AGAINST MS. LEWIS AND TRANSFER VENUE<br><br>Date: March 18, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 10 |

1. The Defendant, Heather Lewis ("Lewis"), purports to be acting *Pro Se* in this action. However, Lewis is not acting *Pro Se* and the Motion to Dismiss (ECF No. 27) filed on her behalf in this case was ghostwritten by an attorney.

2. Counsel for the Plaintiff has determined, through a phone call with Ms. Lewis, that the pleadings she filed in this case, Doc. 27, 27-1, and 27-2, were indeed ghostwritten. Declaration of Marc Randazza ¶¶ 4-9.

///

///

///

1

### I. Because it ghost-written, the Lewis Motion Should Be Stricken.

3.      "Preparing pleadings for a party who will then appear unrepresented has been characterized by some as 'ghostwriting.'  Courts generally disapprove of such conduct and find it sanctionable." *In re Castorena*, 270 B.R. 504, 514 (Bankr. D. Idaho 2001).

4.      Ghostwriting for a *pro se* litigant is impermissible because it permits a party to falsely appear as being without professional assistance, and it is a deliberate maneuver to either evade the licensure requirements by non-attorneys or it is an attempt by a licensed attorney to evade the responsibilities imposed by Rule 11.

5.      The First Circuit, in 1971, explained one of many problems with the ghostwriting of legal documents.  "[I]n some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar typified by F.R.C.P. 11."  *Ellis v. State of Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971).

6.       In explaining this problem, the First Circuit held, "we cannot approve of such a practice.  If a brief is prepared in any substantial part by a member of the bar, it must be signed by him [or her]."  *Id*.  Other courts have held similarly.  See, e.g., *Johnson v. Board of County Comm'rs for County of Freemont*, 868 F. Supp. 1226 (D. Colo. 1994) ("Ghost writing is a deliberate evasion of Rule 11 and the practice is '*ipso facto*' lacking in candor.").  The Eastern District of Virginia opined that, in addition to violating Rule 11, ghostwriting exploits the leniency given to *pro se* litigants.  *Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F. Supp. 1075 (E.D. Va. 1997) (Ghostwriting pleadings without acknowledging authorship is inconsistent with Fed. R. Civ. P. 11).  See also, *Doran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (Ethics requires that a lawyer acknowledge the giving of his advice by the signing of his name).

7.      The first time that the Southern District of California was asked to review this practice, it recognized the overwhelming authority condemning this practice.  See *Ricotta v. State of California*, 4 F. Supp. 2d 961, 985-986 (S.D. Cal. 1998) (citing *Ellis*, 448 F. 2d 1325; *Johnson*, 865 F. Supp. 1226; *Greer v. Kane*, 136 L. Ed. 2d 536, (1986); *Laremont-Lopez*, F. Supp. 1075).  In

*Ricotta*, the court condemned the practice, but declined to discipline the attorney or the party, given the lack of clear guidelines against ghostwriting existing at that time. *Id*. at 988.

> Ghost-writing raise[s] three areas of concern.  First, . . . the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion.  [Therefore,] allowing a pro se litigant to receive such latitude in addition to assistance from an attorney would disadvantage the nonoffending party.  Second, . . . ghost-writing is a deliberate evasion of the responsibilities imposed on counsel by Fed. R. Civ. P. 11. Rule 11 obligates members of the bar to sign all documents submitted to the court, to personally represent that there are grounds to support the assertions made in each filing.  Third, . . . such behavior implicate[s] the Rules of Professional Responsibility, specifically the ABA's Model Code of Responsibility DR 1-102(A)(4), providing that an attorney should not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.  Additionally,. . . '[h]aving a litigant appear to be pro se when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ingenuous to say the least; it is far below the level of candor which must be met by members of the bar.' *Ricotta*, 4 F. Supp 2d at 986.

8. Since then, Courts have reinforced the fact that ghostwriting legal pleadings is impermissible. See, e.g., *Barnett v. LeMaster*, 12 Fed. Appx. 774 (10th Cir. 2001) (The failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to the court by both the litigant and attorney. For these reasons, the United States Court of Appeals for the Tenth Circuit has held that any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved.); *United States v. Garcia-Gallardo*, 2010 U.S. Dist. LEXIS 122570 (D. Kan. Nov. 18, 2010) (An attorney who ghostwrites a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court.); *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1222 (D. Haw. 2010) (Ghostwriting is inappropriate, citing to *Ricotta*); *DeForest v. Johnny Chisholm Events*, LLC, 2010 U.S. Dist. LEXIS 43344 (N.D. Fla. May 4, 2010) (ghostwriting has been deemed a deliberate evasion of the responsibilities imposed on counsel by Federal Rule of Civil Procedure 11 and, as such, has been widely condemned as unethical); *Johnson v. City of Joliet*, 2007 U.S. Dist. LEXIS 10111 (N.D. Ill. 2007) (if a licensed attorney ghostwrites for an ostensibly *pro se* litigant, this is unprofessional conduct; if a layperson does so, then it is the

unlicensed practice of law); *Tift v. Ball*, 2008 U.S. Dist LEXIS 27450, (W.D. Wash. 2008) (It is an ethical violation for attorneys to assist *pro se* litigants by preparing their briefs and thereby escape the obligations imposed on them under Rule 11).

## II.  Requested Relief

9. Given that the Plaintiff has established that ghostwritten pleadings are an ethical violation, the Court is now confronted with the question of what it should do about it.  After investigating thoroughly, the undersigned was finally able to get to the bottom of the ghostwriting issue and was able to speak to the attorney who had ghostwritten Ms. Lewis' motion documents.  Randazza Decl. ¶ 5-11.

10. During a lengthy conversation with this attorney, the undersigned and the ghostwriter disagreed on the state of the law with respect to this practice.  Randazza Decl. ¶ 9-11.

11. However, it is the undersigned's opinion that the ghostwriting attorney had the sincerely-held belief that ghostwriting these documents was not ethically problematic.  Randazza Decl. ¶ 10-11. Out of deference to this attorney, the Plaintiff seeks the lightest possible sanction.

12. It is permissible and proper for a court to strike purported *pro se* filings which were, in fact, ghostwritten.  See, e.g., *Gordon v. Dadante*, 2009 U.S. Dist LEXIS 54147 (N.D. Ohio June 26, 2009) (finding that a purported *pro se* filing was ghostwritten, the court agreed that it should be stricken).

13. The Eastern District of Virginia recently confronted this issue by issuing a "ghost writer warning."  See *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 626 (E.D. Va. 2010).  The court noted that ghost writing "is strongly disapproved as unethical and as a deliberate evasion of the responsibilities imposed on attorneys."  *Id*.  Accordingly, the court in that case issued an order warning the ghost writer as follows:  "this Order serves as a warning to that attorney that his actions may be unethical and could serve as a basis for sanctions." *Id*.

14. Accordingly, the Plaintiff requests the following relief,
   a. That ECF documents 27, 27-1, and 27-2 be stricken from the record.
   b. That the court issue a ghost writer warning clarifying that the practice of ghostwriting is *strongly* disapproved of as unethical, and that the parties and their

attorneys are hereby forewarned that ghostwriting pleadings could serve as a basis for sanctions in this case.

Date: February 16, 2011.                         s/ Marc Randazza

                                           Marc Randazza, SBN 269535
                                           Randazza Legal Group
                                           3969 Fourth Avenue, Suite 204
                                           San Diego, CA 92103
                                           888-667-1113
                                           305-437-7662 (fax)
                                           MJR@randazza.com

**CERTIFICATE OF SERVICE**

The undersigned does certify that the foregoing document was filed using the Court's CM/ECF system on February 16, 2011. Plaintiff served Defendant Heather Lewis personally via email as well as via email to her attorney. Plaintiff served the named defendants via U.S. Mail. As Plaintiff is unable to identify the remaining Doe Defendants, Plaintiff is unable to serve them

s/ Marc Randazza
Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com