Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DOES 2, 3, DOES 7-9, CARLOS MANCERA (formerly Doe 10), DOE 13, JOHN JOHN (formerly Doe 15), DOES 21-22; DOES 33-35, 37-40; FRED MARTINEZ (formerly Doe 41); ADELINE AUGUSTIN (formerly Doe 54)<br><br>　　　　Defendants | Case No. 10-CV-1823-DMS-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO FOR ORDER GRANTING THIRD MOTION ALLOWING PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY** |

　　　　Plaintiff Liberty Media Holdings (Liberty) seeks the identities of certain Doe defendants from their respective Internet Service Providers ("ISPs"), and seeks a Court order directing the Road Runner to disclose the subscriber's personally identifiable information. The relief sought in this motion is no different than that in the Plaintiff's second motion for early discovery (Doc. 24), which the Court granted in its previous Order (Doc. 25). The Plaintiff has received discovery responses from Cablevision providing the names of the account owners of the IP addresses used by certain Doe defendants to access the Plaintiff's servers and download the Plaintiff's copyrighted works. Plaintiff now must depose the account holders and inspect their computers to determine the name of the person responsible for the complained of acts. Additionally, the Plaintiff made an

error in requesting that the Court instruct Comcast Cable to release subscriber information relating to IP address 76.84.200.40. This IP address is registered to Road Runner, and as such, the Plaintiff respectfully requests that the court amend its order, or in the alternative, issue a new order instructing Road Runner to release the subscriber information found on Exhibit 1 hereto.

## INTRODUCTION AND FACTUAL BACKGROUND

1) Plaintiff Liberty is a California LLC doing business as Corbin Fisher ®. Liberty produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which individuals who pay a monthly subscription fee can view its photographic and audiovisual works.

2) On January 25, 2011 the court granted Plaintiff's Second Motion for Early Discovery (ECF No. 25).

3) Pursuant to the Order, the Plaintiff issued a subpoena and served it along with the order on various IP addresses including Cablevision requesting information for IP addresses 24.184.108.61 and 24.228.21.211, and Comcast requesting information relating to IP address 76.84.200.40.

4) Cablevision responded by giving the identities of the following people: John Carbon for the IP address used by Doe 7 and Frances Bran for the IP address used by Doe 22 (as well as a third individual for the IP address used by Doe 24 who subsequently settled with the Plaintiff).

5) The Plaintiff now requires discovery from these two individuals in order to determine whether they are the responsible party for the acts complained of, or whether they can identify who the responsible party is (as often times a number of people share the same Internet connection under one person's name).

6) Additionally, Comcast responded to the subpoena on February 14, 2011, stating that this IP address used by Doe 21 is registered to Road Runner.

7) As such, it is necessary that the court issue a new court order allowing Plaintiff to depose and issue written discovery to John Carbon (aka John Carbone and Frances Bran, as well as instructing Road Runner to provide the information sought about IP address 76.84.200.40 as shown in Exh. 1.

8) Defendants Does 21, 22, and 24 are an individuals whose true names and addresses are still unknown to Plaintiff. These Doe Defendants accessed the Plaintiff's computer servers without

1  authorization, and downloaded and distributed unauthorized and infringing copies of Plaintiff's
2  audiovisual works.  Plaintiff was able to record the IP addresses for the individuals, however,
3  Plaintiff can only identify the infringers by way of further investigation.

4  9) The Plaintiff needs the Court's permission to conduct early discovery.  Additionally, the
5  information requested in the subpoena to be issued to Road Runner is governed by 47 U.S.C. §
6  551, which prohibits cable operators from disclosing personally identifiable information pertaining
7  to subscribers without the subscriber's express consent unless there is "a court order authorizing
8  such disclosure, if the subscriber is notified of such order by the person to whom the order is
9  directed." 47 U.S.C. § 551(c)(2)(B).

10  10) Accordingly, the Plaintiff requests that the Court issue the requisite Order instructing John
11  Carbon and Frances Bran to comply with the written discovery and deposition notices issued to
12  them in this case and instructing Road Runner to produce any and all documents and/or
13  information sufficient to identify the user or users of the IP address 76.84.200.40  during the
14  corresponding dates and times as shown in Exh. 1.

## ARGUMENT

Federal Rules Allow for Early Discovery

17  11) Federal Rules allow for discovery prior to a Rule 26 conference upon a showing of good
18  cause.  See *Semitool, Inc. v. Tokyo Electronic America, Inc*., 208 F.R.D. 273, 275-76 (N.D. Cal.
19  2002).

20  12) More specifically, courts have recognized that, "[s]ervice of process can pose a special
21  dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line."
22  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Accordingly, courts
23  have developed the following factors to consider when granting motions for expedited discovery to
24  identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with
25  sufficient specificity such that the court can determine that defendant is a real person or entity who
26  could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe
27  defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.  *Id*. at 578-80.
28  Each of these factors resolves in favor of granting Plaintiff's requested relief.

13) First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by the individuals identified as DOES in the Complaint. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who performed the infringing acts.

14) Second, there are no other practical measures Plaintiff could take to identify the DOE Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by their Internet Service Providers. Due to the nature of on-line transactions, Plaintiff has no way of determining Defendants' identities except through a third-party subpoena.

15) Third, Plaintiff has asserted a prima facie claim for copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. These allegations state a claim for copyright infringement and computer hacking. 17 U.S.C. § 106(1)(3), 18 U.S.C. § 2701, and 18 U.S.C. § 1030.

16) When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

Explanation of Specific Requests

17) In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible. See *Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980).

18) The infringement and other wrongful acts at issue in this action occurred through online hacking, downloading, and other unlawful access to Plaintiff's computers.  In order to these illegal acts, a user must connect to the Internet.

19) Individuals gain access to the Internet through an Internet service provider (ISP).  When an ISP provides Internet access to a subscriber, it does so through a modem located at the subscriber's home or office.  Each time the subscriber accesses the Internet, the ISP provides a unique number to the subscriber called an Internet protocol (IP) address.  This is somewhat akin to a telephone number.  The IP address for a subscriber may stay the same (a static IP address) or it may change from time to time (a dynamic IP address).  ISPs generally record the times and dates it assigns each IP address to a subscriber.

20) Online technology used to engage in unlawful online theft relies on the ability to identify the computers to and from which users search and exchange files.  The technology identifies those computers through the IP address from which the computer connects to the Internet.  In this manner, Plaintiff identified the IP addresses from which individuals connected to the Internet for the purpose of unlawfully accessing Plaintiff's works and making electronic copies thereof.  Plaintiff recorded the exact date and time individuals used various IP addresses to access the Internet to make illegally download these files from Plaintiff's servers.

21) Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific IP address.  Plaintiff now seeks to subpoena the above listed Internet Service Providers to determine the name and address of the subscribers to whom they assigned the various IP addresses recorded.

22) Plaintiff requests that the Court amend its previous order or issue a new order allowing Plaintiff to serve a subpoena on Road Runner requesting specific subscriber information necessary to identify Doe 21.

23) Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some Internet service providers, including Road Runner, is also a cable operator, Plaintiff requests that the Court order state clearly that the

Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. See, 47 U.S.C. §551.

## **CONCLUSION**

24) The Plaintiff requests that the Court issue a new order

    a. Permitting the Plaintiff to issue written discovery to and depose John Carbon aka John Carbone regarding Doe 7's use of the IP address 24.184.108.61 as this person either is Doe 7 or is likely to have information pertaining to Doe 7's identity,

    b. Permitting the Plaintiff to issue written discovery to and depose Frances Bran regarding Doe 22's use of the IP address 24.228.21.211 as this person either is Doe 22 or is likely to have information pertaining to Doe 22's identity,

    c. Instructing Road Runner to produce any and all documents and/or information sufficient to identify the user or users of the IP address 76.84.200.40 during the corresponding dates and times as listed in Exh. 1.

25) Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

26) Such discovery should be conditioned on a) the ISPs having 7 calendar days after service of the subpoenas to notify the subscriber that their identity is sought by Plaintiff, and b) each subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoena.

Dated: March 7, 2011

                                                  s/ Marc Randazza
Marc J. Randazza, SBN 269535
Randazza Legal Group
302 Washington Street, Suite 321
San Diego, CA 92103
619-866-5975
619-866-5976 (fax)
MJR@randazza.com

## CERTIFICATE OF SERVICE

The undersigned does certify that the foregoing document was filed using the Court's CM/ECF system on March 7, 2011. Plaintiff served the named defendants via U.S. Mail. As Plaintiff is unable to identify the remaining Doe Defendants, Plaintiff is unable to serve them.

                              s/ Marc Randazza
Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 fax
mjr@randazza.com