FILED

11 MAR -8 PM 2:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>DOES 1-59,<br>　　　　　　　　Defendants. | Case No. 10-1823-DMS(WVG)<br><br>ORDER GRANTING THIRD MOTION ALLOWING PLAINTIFF LEAVE TO TAKE IMMEDIATE DISCOVERY<br><br>(DOC. # 37) |

I

PROCEDURAL BACKGROUND

On September 1, 2010, Plaintiff Liberty Media Holdings, LLC (hereafter "Plaintiff") filed a Complaint against DOES 1-59 (hereafter "Defendants") for Unlawful Access to Stored Communications, in violation of 18 U.S.C. §§ 2701 and 2707 (The Electronic Stored Communications Privacy Act), violation of 18 U.S.C. § 1030 (The Computer Fraud & Abuse Act) and copyright infringement in violation of 17 U.S.C. § 501 (The Copyright Act). Plaintiff does not know the names of some of the Defendants. However, it has identified the unique Internet Protocol (hereafter "IP") addresses assigned to Defendants and the Internet Service Provider (hereafter "ISP") that provided

Defendants with internet access on the dates and times of the allegedly illegal and infringing activity.

On March 7, 2011, Plaintiff filed a Third Motion for Order Allowing Plaintiff Leave to Take Immediate Discovery (hereafter "Motion"). The Motion seeks the Court's permission to conduct immediate discovery regarding the identities of Defendants. Specifically, Plaintiff seeks Time Warner (Road Runner) to produce all documents and/or information sufficient to identify the users of the IP address during the dates and times listed in Exh. 1 to Plaintiff's Motion, and attached hereto as Exhibit 1.

The information requested in the subpoenas is governed by 47 U.S.C. § 551, which states in pertinent part:

> (c) Disclosure of personally identifiable information
> (2) A cable operator may disclose (personally identifiable information concerning any subscriber) if disclosure is - -
> (B)... made pursuant to a *court order* authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed. (emphasis added).

Accordingly, Plaintiff seeks a court order instructing the above-noted ISP to produce to Plaintiff all documents and or information sufficient to identify the users of the IP address during the dates and times listed in Exh. 1.

Additionally, Plaintiff seeks to depose and issue written discovery requests to John Carbon (aka John Carbone), identified as Doe No. 7 in this action, and to Frances Bran, identified as Doe No. 22 in this action.

II

ANALYSIS

In accordance with Fed. R. Civ. P. 26(d), discovery does not commence until the parties to an action meet and confer as prescribed

by Fed. R. Civ. P. 26(f), unless by court order or agreement of the parties. A court order permitting early discovery may be appropriate "where the need for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

At least one district court in the Ninth Circuit has recognized that "(s)ervice of process can pose a special dilemma for plaintiffs in cases... in which the tortious activity occurred entirely on-line. The dilemma arises because the defendant may have used a fictitious name and address in the commission of the tortious acts." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). In Columbia, the court also stated that in light of the conflict between the need to provide injured parties with a forum in which they may seek redress for grievances, and the right to use the internet anonymously or pseudonymously, a few principles should apply to whether discovery to uncover the identity of a defendant is warranted.

The court stated:

> First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that (the) defendant is a real person or entity that could be sued in federal court...
> Second, the (plaintiff) should identify all previous steps taken to locate the elusive defendant...
> Third, Plaintiff should establish to the Court's satisfaction that plaintiff's suit against (the) defendant could withstand a motion to dismiss... Plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed the act.

Id., at 578-580.

The Court agrees with these principles and finds as follows:

### A. Identification of Defendants With Sufficient Specificity

Plaintiff has provided to the Court the unique IP address assigned to each Defendant and the ISP and/or cable operator that provided each Defendant with internet access. Further, the requested discovery is necessary for Plaintiff to determine the name and address of each Defendant who performed the allegedly illegal and infringing acts. Therefore, Plaintiff has sufficiently identified each Defendant such that the Court can determine if each Defendant is a person or entity that could be sued in federal court.

### B. Previous Steps Taken to Locate Defendants

The only information Plaintiff has regarding the Defendants is his/her IP address and his/her ISP and/or cable operator. Therefore, there are no other measures Plaintiff could take to identify the Defendant other than to obtain his/her identifying information from his/her ISPs and/or cable operator. Consequently, Plaintiff must serve subpoenas on Defendants' ISPs and/or cable operators to obtain the information it seeks.

### C. Whether Plaintiff's Action Could Withstand a Motion to Dismiss
#### 1. Violation of 18 U.S.C. § 2701

Plaintiff has demonstrated that its claim for violation of 18 U.S.C. § 2701 could withstand a motion to dismiss. 18 U.S.C. § 2701 states in pertinent part:

> ... (W)hoever (1) intentionally accesses without authorization a facility through which electronic communication service is provided;... (2) and thereby obtains... access to a ... electronic communication while it is in electronic storage... shall be punished...

18 U.S.C. § 2701 applies to trespasses in which the trespasser gains access to information which he is not entitled to see.

<u>Therapeutic Research Faculty v. NBTY, Inc.</u>, 488 F. Supp 2d 991 (E.D. Cal. 2007).

18 U.S.C. § 2707 states in pertinent part:

> ... Any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity... which engaged in that violation such relief as may be appropriate.

Here, Plaintiff's Complaint alleges that Defendant intentionally accessed its web servers, which are facilities where electronic communication services are provided, Defendant had no right to access the copyrighted materials on Plaintiff's website, and Defendant obtained access to these electronic communications while these communications were in electronic storage. Therefore, it appears that Plaintiff has alleged the *prima facie* elements of a violation of 18 U.S.C. § 2701. Accordingly 18 U.S.C. § 2707 authorizes Plaintiff's action. As a result, the Court finds that Plaintiff's action in this regard could withstand a motion to dismiss.

### 2. <u>Violation of 18 U.S.C. § 1030</u>

Plaintiff has demonstrated that its claim for violation of 18 U.S.C. § 1030 could withstand a motion to dismiss. 18 U.S.C. § 1030 states in pertinent part:

> (a)(2)(C) Whoever... intentionally accesses a computer without authorization... and thereby obtains - - ... information from any protected computer if the conduct involved an interstate or foreign communication...
>
> (a)(7)(b) with intent to extort from any... person, any money or thing of value transmits in interstate... commerce... shall be punished as provided in subsection (c) of this section...
>
> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or any other equitable relief.

Here, Plaintiff's Complaint alleges that Defendant unlawfully and without authorization entered into its computer server, which was used in interstate commerce, where Plaintiff's copyrighted materials were contained, stole Plaintiff's copyrighted materials, valued in excess of $15,000, and as a result of such conduct, caused Plaintiff to suffer damage. Based on these facts, §1030(g) authorizes Plaintiff's civil action. Therefore, it appears that Plaintiff has alleged the *prima facie* elements of a violation of 18 U.S.C. § 1030. As a result, the Court finds that Plaintiff's action in this regard could withstand a motion to dismiss.

### 3. Copyright Infringement

Plaintiff has demonstrated that its claim for copyright infringement could withstand a motion to dismiss. A plaintiff who claims copyright infringement must allege (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act, 17 U.S.C. §501(a).[1] Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).

Here, Plaintiff has alleged that it is the owner of the copyrights for certain motion pictures, which were accessed, reproduced, distributed and publicly displayed by Defendants. Also, Plaintiff alleges that Defendant, without authorization, intentionally accessed, reproduced and distributed Plaintiff's copyrighted works onto their local hard drives or other storage devices. Therefore, it appears that Plaintiff has alleged the *prima facie* elements of copyright infringement. As a result, the Court finds that Plaintiff's action in this regard could withstand a motion to dismiss.

---

[1] 17 U.S.C. §501(a) states in pertinent part:
Anyone who violates any of the exclusive rights of the copyright owner... is an infringer of the copyright of the author...

III

CONCLUSION

The Court, having reviewed Plaintiff's Third Motion for Leave To Take Immediate Discovery, the authorities cited therein, as well as other applicable statutes and law, finds that Plaintiff has satisfied the principles discussed in 47 U.S.C. §551 and Columbia, supra. Therefore, Plaintiff's Motion is GRANTED.

Accordingly, it is HEREBY ORDERED:

1. Within seven (7) calendar days after service of this Order, Time Warner (Road Runner) shall notify the subscriber listed on Exh. 1 to this Order that his/her identity is sought by Plaintiff. The subscriber whose identity is sought may, within 21 calendar days from the date of such notice, file documents with the Court that contest the subpoena.

2. Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely for the purposes of protecting Plaintiff's rights in pursuing this litigation.

3. If Time Warner (Road Runner) wish to move to quash the subpoena issued to them, they shall do so before the return date of the subpoena. If such a motion is brought, Time Warner (Road Runner) shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion.

4. Plaintiff shall provide a copy of this Order to Time Warner (Road Runner).

5. Plaintiff shall be permitted to depose and issue written discovery requests to John Carbon (aka John Carbone) regarding Doe No. 7's use of the IP address 24.184.108.61 as this person is either Doe

1  No. 7 or is likely to have information pertaining to Doe No. 7's
2  identity.
3       6.   Plaintiff shall be permitted to depose and issue written
4  discovery requests to Frances Bran regarding Doe No. 22's use of the
5  IP address 24.228.21.211 as this person is either Doe No. 22 or is
6  likely to have information pertaining to Doe No. 22's identity.

8  DATED: March 8, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

```
                    Exhibit 1
```

**Exhibit 1**

| Doe No. | IP Address | ISP | Number of Infringements | Dates of Access | Times of Access |
|---|---|---|---|---|---|
| 21 | 76.84.200.40 | Time Warner | 61 | 4/7/10 | 9:44:48, 9:50:33, 9:50:38, 9:51:25 |
| | | | | 4/8/10 | 3:49:47, 3:49:57, 3:52:20, 3:52:26, 3:52:33, 3:52:38, 3:52:47, 3:52:55, 3:53:03, 3:55:31, 3:52:20, 3:52:26, 3:52:33, 3:52:38, 3:52:55, 3:53:03, 3:55:31, 3:50:02, 3:50:07, 3:50:20 3:50:28, 3:51:28, 3:51:34, 3:51:57, 3:52:03, 3:52:10, 3:50:02, 3:50:07, 3:50:20, 3:50:28, 3:51:28, 3:51:34, 3:51:57, 3:52:03, 3:52:10, 3:49:54, 3:49:54, 3:49:19, 3:49:23, 3:49:27, 3:49:30, 3:49:38, 3:49:19, 3:49:23, 3:49:27, 3:49:30, 3:49:38, 13:43:17, 13:43:25, 13:43:31, 13:43:40 13:46:56, 13:52:23, 13:52:23 13:43:17, 13:43:25, 13:43:31 13:43:40, 13:46:56 |
| | | | | 4/9/10 | 7:45:33, 7:50:28, 7:50:34, 7:50:52, 7:45:36, 7:50:56, 7:51:23, 7:51:26, 7:51:40, 7:51:58, 7:45:36, 7:50:56, 7:51:23, 7:51:26, 7:51:40, 7:51:58, 7:50:13, 7:50:18, 7:50:13, 7:50:18, 7:38:50, 7:50:41, 7:31:18, 7:31:25, 7:31:31, 7:31:36, 7:31:43, 7:31:48, 7:32:52, 7:32:58, 7:33:13, 7:33:20, 7:33:48, 7:33:54, 7:45:26, 7:50:22, 7:50:38, 7:38:50, 7:50:41, 7:34:08, 7:34:13, 7:34:18, 7:34:30, 7:34:38, 7:34:44, 7:35:08, 7:37:22, 7:37:28, 7:38:40, 7:38:47, 7:38:57 7:39:03, 7:39:08, 7:39:14, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 7:39:19, 7:39:34, 7:39:42, 7:39:50, 7:39:57, 7:40:05, 7:40:11, 7:40:16, 7:40:22, 7:40:29, 7:40:35, 7:34:08, 7:34:13, 7:34:18, 7:34:30, 7:34:38, 7:34:44, 7:35:08, 7:37:22, 7:37:28 7:38:40, 7:38:47, 7:38:57, 7:39:03, 7:39:08, 7:39:14, 7:39:19, 7:39:34, 7:39:42, 7:39:50, 7:39:57, 7:40:05, 7:40:11, 7:40:16, 7:40:22, 7:40:29, 7:40:35, 7:34:04, 7:38:43, 7:38:53, 7:45:39, 7:45:49, 7:45:57, 7:46:04, 7:46:11, 7:46:16, 7:48:20, 7:48:25, 7:48:30, 7:48:36, 7:49:04, 7:49:05, 7:49:14, 7:49:55, 7:50:01, 7:50:07, 7:50:46, 7:34:04, 7:38:43, 7:38:53, 7:45:39, 7:45:49, 7:45:57, 7:46:04, 7:46:11, 7:46:16, 7:48:20, 7:48:25, 7:48:30, 7:48:36, 7:49:04, 7:49:05, 7:49:14, 7:49:55, 7:50:01, 7:50:07, 7:50:46, 7:45:33, 7:50:28, 7:50:34, 7:50:52, 7:31:18, 7:31:25, 7:31:31, 7:31:36, 7:31:43, 7:31:48, 7:32:52, 7:32:58, 7:33:13, 7:33:20, 7:33:48, 7:33:54, 7:45:26, 7:50:22, 7:50:38 |
| | | | | 4/15/10 | 9:46:11 |
| | | | | 4/16/10 | 3:44:29, 3:44:39, 3:45:20, 3:46:06, 3:46:57, 3:43:47, 3:43:53, 3:44:03, 3:44:09, 3:48:19 |