1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   LIBERTY MEDIA HOLDINGS, LLC,          Case No. 10-1823-DMS(WVG)
12                                          ORDER GRANTING FOURTH
                            Plaintiff,      MOTION ALLOWING PLAINTIFF
13   v.                                     LEAVE TO TAKE
                                            IMMEDIATE DISCOVERY
14
                                            (DOC. # 41)
15   DOES 1-59,
16                          Defendants.
17                                  I
18                     PROCEDURAL BACKGROUND
19        On September 1, 2010, Plaintiff Liberty Media Holdings, LLC
20   (hereafter "Plaintiff") filed a Complaint against DOES 1-59 (hereafter
21   "Defendants") for Unlawful Access to Stored Communications, in
22   violation of 18 U.S.C. §§ 2701 and 2707 (The Electronic Stored
23   Communications Privacy Act), violation of 18 U.S.C. § 1030 (The
24   Computer Fraud & Abuse Act) and copyright infringement in violation
25   of 17 U.S.C. § 501 (The Copyright Act). Plaintiff knows the names of
26   some of the Defendants. Pursuant to this Court's Order of January 25,
27   2011, Plaintiff issued a subpoena and served the January 25, 2011
28   Order on various Internet Protocol (hereafter "IP") addresses assigned

1  to Defendants and the Internet Service Provider (hereafter "ISP") that
2  provided Defendants with internet access on the dates and times of the
3  allegedly illegal and infringing activities.

4      On April 5, 2011, Plaintiff filed a Fourth Motion for Order
5  Allowing Plaintiff Leave to Take Immediate Discovery (hereafter
6  "Motion"). Specifically, the Motion seeks the Court's permission to
7  depose and issue written discovery requests to Deven Pedeaux and Kathy
8  Pedeaux, identified as Does Nos. 33, 34 and 35 in this action, and to
9  George Schmidt, identified as Doe No. 8 in this action.

10                                II

11                             ANALYSIS

12      In accordance with Fed. R. Civ. P. 26(d), discovery does not
13  commence until the parties to an action meet and confer as prescribed
14  by Fed. R. Civ. P. 26(f), unless by court order or agreement of the
15  parties.  A court order permitting early discovery may be appropriate
16  "where the need for the discovery, in consideration of the
17  administration of justice, outweighs the prejudice to the responding
18  party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D.
19  273, 276 (N.D. Cal. 2002).

20      At least one district court in the Ninth Circuit has recognized
21  that "(s)ervice of process can pose a special dilemma for plaintiffs
22  in cases... in which the tortious activity occurred entirely on-line.
23  The dilemma arises because the defendant may have used a fictitious
24  name and address in the commission of the tortious acts." Columbia
25  Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). In
26  Columbia, the court also stated that in light of the conflict between
27  the need to provide injured parties with a forum in which they may
28  seek redress for grievances, and the right to use the internet

anonymously or pseudonymously, a few principles should apply to whether discovery to uncover the identity of a defendant is warranted.

The court stated:

First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that (the) defendant is a real person or entity that could be sued in federal court...
Second, the (plaintiff) should identify all previous steps taken to locate the elusive defendant...
Third, Plaintiff should establish to the Court's satisfaction that plaintiff's suit against (the ) defendant could withstand a motion to dismiss... Plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed the act.
Id., at 578-580.

The Court agrees with these principles and finds as follows:

A. <u>Identification of Defendants With Sufficient Specificity</u>

Plaintiff has provided to the Court the unique IP address assigned to each Defendant, the ISP and/or cable operator that provided each Defendant with internet access, and the names and addresses of those Defendants. Further, the requested discovery is necessary for Plaintiff to determine whether Defendants are the responsible parties for the acts complained of, or whether they can provide information regarding the responsible parties. Therefore, Plaintiff has sufficiently identified each Defendant such that the Court can determine if each Defendant is a person or entity that could be sued in federal court.

B. <u>Previous Steps Taken to Locate Defendants</u>

Plaintiff now has Does Nos. 8, 33, 34, and 35's IP addresses, their ISP, and their names and addresses. Therefore, Plaintiff has specifically identified the Defendants.

C. <u>Whether Plaintiff's Action Could Withstand</u>
<u>a Motion to Dismiss</u>
1. <u>Violation of 18 U.S.C. § 2701</u>

Plaintiff has demonstrated that its claim for violation of 18 U.S.C. § 2701 could withstand a motion to dismiss.  18 U.S.C. § 2701 states in pertinent part:

... (W)hoever (1) intentionally accesses without authorization a facility through which electronic communication service is provided;... (2) and thereby obtains... access to a ... electronic communication while it is in electronic storage... shall be punished...

18 U.S.C. § 2701 applies to trespasses in which the trespasser gains access to information which he is not entitled to see. <u>Therapeutic Research Faculty v. NBTY, Inc.</u>, 488 F. Supp 2d 991 (E.D. Cal. 2007).

18 U.S.C. § 2707 states in pertinent part:

... Any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity... which engaged in that violation such relief as may be appropriate.

Here, Plaintiff's Complaint alleges that Defendants intentionally accessed its web servers, which are facilities where electronic communication services are provided, Defendants had no right to access the copyrighted materials on Plaintiff's website, and Defendants obtained access to these electronic communications while these communications were in electronic storage. Therefore, it appears that Plaintiff has alleged the *prima facie* elements of a violation of 18 U.S.C. § 2701. Accordingly 18 U.S.C. § 2707 authorizes Plaintiff's action. As a result, the Court finds that Plaintiff's action in this regard could withstand a motion to dismiss.

## 2. Violation of 18 U.S.C. § 1030

Plaintiff has demonstrated that its claim for violation of 18 U.S.C. § 1030 could withstand a motion to dismiss.  18 U.S.C. § 1030 states in pertinent part:

> (a)(2)(C)  Whoever...  intentionally accesses a computer without authorization... and thereby obtains – – ... information from any protected computer if the conduct involved an interstate or foreign communication...
>
> (a)(7)(b) with intent to extort from any... person, any money or thing of value transmits in interstate... commerce... shall be punished as provided in subsection (c) of this section...
>
> (g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or any other equitable relief.

Here, Plaintiff's Complaint alleges that Defendants unlawfully and without authorization entered into its computer server, which was used in interstate commerce, where Plaintiff's copyrighted materials were contained, stole Plaintiff's copyrighted materials, valued in excess of $15,000, and as a result of such conduct, caused Plaintiff to suffer damage. Based on these facts, §1030(g) authorizes Plaintiff's civil action. Therefore, it appears that Plaintiff has alleged the *prima facie* elements of a violation of 18 U.S.C. § 1030. As a result, the Court finds that Plaintiff's action in this regard could withstand a motion to dismiss.

## 3. Copyright Infringement

Plaintiff has demonstrated that its claim for copyright infringement could withstand a motion to dismiss.  A plaintiff who claims copyright infringement must allege (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's

1  exclusive rights under the Copyright Act, 17 U.S.C. §501(a).[1] <u>Ellison</u>

2  <u>v. Robertson</u>, 357 F.3d 1072, 1076 (9th Cir. 2004).

3      Here, Plaintiff has alleged that it is the owner of the

4  copyrights for certain motion pictures, which were accessed,

5  reproduced, distributed and publicly displayed by Defendants. Also,

6  Plaintiff alleges that Defendants, without authorization,

7  intentionally accessed, reproduced and distributed Plaintiff's

8  copyrighted works onto their local hard drives or other storage

9  devices.  Therefore, it appears that Plaintiff has alleged the *prima*

10 *facie* elements of copyright infringement.  As a result, the Court

11 finds that Plaintiff's action in this regard could withstand a motion

12 to dismiss.

13                              III

14                          <u>CONCLUSION</u>

15     The Court, having reviewed Plaintiff's Fourth Motion for Leave

16 To Take Immediate Discovery, the authorities cited therein, as well

17 as other applicable statutes and law, finds that Plaintiff has

18 satisfied the principles discussed in <u>Columbia</u>, <u>supra</u>.  Therefore,

19 Plaintiff's Motion is GRANTED.

20     Accordingly, it is HEREBY ORDERED:

21     1. Plaintiff shall be permitted to depose and issue written

22 discovery requests to Deven Pedeaux and Kathy Pedeaux regarding Does

23 Nos. 33's, 34's, and 35's use of the IP addresses 74.248.126.187,

24 74.248.120.3, and 74.248.119.190 as these persons are either Does

25 Nos. 33, 34 or 35 or are likely to have information pertaining to Does

26 Nos. 33's, 34's and 35's identities.

27 ───────────────

28     [1]17 U.S.C. §501(a) states in pertinent part:
       Anyone who violates any of the exclusive rights of the copyright owner...
       is an infringer of the copyright of the author...

                              - 6 -                      10cv1823

2.   Plaintiff shall be permitted to depose and issue written discovery requests to George Schmidt regarding Doe No. 8's use of the IP address 74.167.111.167 as this person is either Doe No. 8 or is likely to have information pertaining to Doe No. 8's identity.

3.   Plaintiff shall serve a copy of this Order on Deven Pedeaux, Kathy Pedeaux, and George Schmidt.

DATED: April 6, 2011



Hon. William V. Gallo
U.S. Magistrate Judge